[Sac. No. 393.  In Bank.—May 14, 1900.]

## A. V. SCANLAN, Respondent, v. SAN FRANCISCO AND SAN JOAQUIN RAILWAY COMPANY, Appellant.

Action upon Contract—Construction of Railway Embankment—Evidence—Measurement by Plaintiff's Engineer.—In an action upon a contract for the construction of a railway embankment, which provided for a percentage of shrinkage not to be paid for, but to be added to the fill, to be specified by the engineer of the company, who fixed it at five per cent, and made the grade that much higher to allow for settlement, where there is no question but that the embankment was constructed in a workmanlike manner, and was accepted by the company's engineers, evidence of a measurement of the cubical contents of the embankment made after the work was well settled by plaintiff's engineer, a competent expert, in the use of an ordinary and not unprofessional method, which was shown to be sufficiently accurate for practical purposes, is sufficient to justify the court in accepting his measurement and computations as the basis of its decision.

Id.—Deduction of Percentage for Shrinkage.—Where the court, notwithstanding the measurement of plaintiff's engineer was made after the settlement of the embankment, deducted five per cent therefrom for shrinkage, its finding of the amount of earth in the embankment after allowing such deduction is not unwarranted by the evidence.

Id.—Exclusion of Field-notes of Defendant's Engineer—Failure of Proof.—The field-notes made by the defendant's surveyor and engineer, who did not testify to their correctness, and the correctness of which was not proved by any competent evidence, were properly excluded.

Id.—New Trial—Newly Discovered Evidence—Neglect to Apply for Continuance.—A new trial cannot be granted for newly discovered evidence which was not in fact newly discovered, and the importance of which was fully known to the defendant making the motion before the trial, merely because the whereabouts of the witness was not known or discovered by the defendant at the time of the trial. In such case, the defendant should have moved for a continuance, and, failing to do so, the trial was entered upon at the defendant's peril.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

E. F. Preston, and Woods & Levinsky, for Appellant.

Frank H. Gould, and Gould & Bogue, for Respondent.

THE COURT.—This is an action brought by a contractor for the construction of a railway embankment, to recover the contract price for the alleged cubic contents of the embankment. The defendant had paid to the plaintiff what it claimed to be the whole amount earned, except about twenty dollars which it brought into court. The plaintiff had judgment for the balance claimed by him, and the defendant appeals.

The contract, among other things, contained the following provisions:

"On embankments a percentage for shrinkage must be added to the fill, and said percentage will be specified and marked out by the engineer (of the company), but will in no case exceed ten per cent of height of bank."

"Material will be measured in embankment, but no measurement will be made of the material added for shrinkage, nor payment made for same."

It is conceded by appellant that there is no conflicting testimony, but it is insisted that the evidence does not sustain the findings of the court. Plaintiff called as a witness an engineer by the name of Compton, whose qualifications as an expert were not questioned. He made measurements of the embankment three months after its completion, and when, as he testified, it was well settled. He found the cubical contents to be fifty-three thousand one hundred and thirteen yards. This was the amount in gross, making no deduction for material added for shrinkage. The witness Gorlinsky, a civil engineer, called for the defendant, testified that he placed the grade stakes to show the contractors how high to build the bank, and in setting the grade stakes allowed five per cent on the fill for shrinkage. "That is, I made the grade five per cent higher than what it was established at, allowing for settlement, and that earth was put in." The court accepted the measurement of the cubical contents testified to by Compton, and, deducting from the fifty-three thousand one hundred and thirteen cubic yards five per

cent for shrinkage and settlement, found that plaintiff was entitled to payment for fifty thousand five hundred and ninety-one cubic yards, an error of eight yards from the true calculation, which would be fifty thousand five hundred and eighty-three cubic yards.

The principal attack made upon the finding is that the evidence of Compton was not sufficient as a basis for estimating the amount of material in the embankment, and it is insisted that the prismoidal formula is the only one which will give accurate results in the measurement of embankments such as this. Plaintiff's witness, measuring as he did after the embankment had been constructed, did not know the original condition of the ground, and did not employ this formula, but he testified that the method which he employed was sufficiently accurate for practical purposes, and testified that it would be a false refinement to employ the prismoidal formula. He described the method which he actually used, and testified to its correctness, and to the correctness of the result reached thereby. In addition to this, appellant's counsel conceded that the method which Mr. Compton employed was "ordinary and not unprofessional," insisting merely that there was a closer and more accurate method; while Mr. Storey, the chief engineer of defendant, testified that the method employed by Compton was known as the approximate method, "it was used by some engineers under a claim that the difference between the correct way of doing it and this way is not sufficient to involve enough to pay for making the extra calculation." In view of this evidence we think the court was justified in accepting the computation of plaintiff's engineer. Nor can appellant justly insist that the finding of the court fixing the amount of earth placed in the embankment at fifty thousand five hundred and ninety-one cubic yards was unwarranted. As has been said, the court deducted five per cent from Compton's estimate for settlement and shrinkage, notwithstanding the fact that there was abundant testimony showing that at the time Compton made his measurements the work was well settled, and there is no question in the case but that the embankment was constructed in a workmanlike manner, and accepted by defendant's engineers.

Appellant also insists that the court erred in rejecting the offered evidence of the field-notes made by a surveyor of defend-

ant.  The engineer who made them was not present at the trial to testify to their correctness.  There was no competent evidence of their correctness given, and it was not error to exclude them.

Additionally, appellant insists that the court erred in refusing it a new trial upon its affidavits of newly discovered evidence.  Donaldson, who made the survey and field-notes in question, had left defendant's employ, and his whereabouts had been discovered too late to produce him at the hearing of the case.  A new trial was sought, and Donaldson's testimony was urged as the newly discovered evidence, but it appears from the affidavits that this evidence was in no sense newly discovered. Defendant's engineers had knowledge through their attorney of the materiality of Donaldson's testimony before the trial, and took certain steps to find him and procure his attendance.  At the time of the trial they had not discovered him.  Knowing of the importance of his testimony, defendant should have moved for a continuance, and, failing to do so, it must be held that it entered upon the trial at its peril.  (*Berry v. Metzler*, 7 Cal. 418.)

The judgment and order appealed from are, therefore, affirmed.