## MARKS v. SHOUP.

(First Division.   Juneau.   March 5, 1903.)

No. 662.

1. NEW TRIAL.

A motion for a new trial which does not plainly specify the errors of the trial court will not be regarded.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 254–257.]

2. SAME.

A motion for a new trial, stating the ground of "insufficiency of the evidence to justify the verdict and the order of the court directing the same, and that such verdict and order are against the law," considered as a general demurrer to the evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 261.]

3. SAME—NEWLY DISCOVERED EVIDENCE.

Motion for a new trial on the ground of newly discovered evidence. *Held*, that newly discovered evidence means evidence discovered since the last trial; evidence then known to either client or attorney is not newly discovered.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 205, 206.]

4. SAME.

Newly discovered evidence, to be sufficient, must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial is granted; (2) it must be dis-

covered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former testimony; and (6) it must not be merely impeaching or contradictory of the former evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 226, 205, 206, 210–223.]

J. H. Cobb and W. E. Crews, for plaintiff.
Arthur K. Delaney, for defendant.

BROWN, District Judge. The motion for a new trial filed in this case is a rehearsal of the statutory grounds for a new trial. These grounds are stated practically in the language of the statute, and there is nothing added by way of particularity, or to show what the specific grounds for the motion are.

This court has repeatedly called the attention of counsel to the fact that such a motion is practically of no value. Section 229 of our Code of Civil Procedure reads as follows:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court."

The language "must be plainly specified," must be construed to mean something, and if it means anything at all it means something beyond the mere repetition of statutory provisions or statutory language in a motion for a new trial. The statute clearly contemplates that it is not enough to use the statutory language in the motion, but that, whatever the grounds which in the opinion of the party entitle him to a new trial, they should be "plainly specified" and set forth. One of the chief offices of a motion for a new trial is to give the trial court an opportunity to review its own decisions, and, if the circumstances warrant, to give the relief desired, viz., a new trial, without the party being put to the trouble and expense of taking the case to the appellate court on error or appeal.

1. It has been frequently said that the errors complained of

in a motion for new trial should be "plainly specified" as a matter of justice and fairness to the trial court, in order that it may have an opportunity to consider the grounds anew, and determine whether there was error. The holdings of courts of last resort are generally to the effect that no error occurring on the trial will be examined or considered by the appellate court unless such error has been brought to the attention of the trial court in the motion for a new trial. In the motion now before the court there are possibly two questions which the court may be called upon to review, and yet this is not free from doubt. I am not wholly clear that the motion as a whole should not be overruled as stating no ground for new trial; but the fourth ground of the motion—"newly discovered evidence" material to the party making the application, and which he could not with reasonable diligence have discovered and produced at the trial, while as a ground of new trial is a mere rehearsal of the statute, and no reference is made to affidavits that are or will be filed—may possess some merit, which the court should consider, because of the affidavit which appears in the files of the case.

The following ground—"insufficiency of the evidence to justify the verdict, and the order of the court directing the same, and that such verdict and order are against the law" —the court will consider solely on the theory before announced by this court, that it is to be considered as a general demurrer to the evidence, and will be treated by the court as such. If, however, the objection to the testimony as to insufficiency goes to some particular phase of the case or some particular allegation that is deemed to be necessary to be supported by evidence, and the evidence in support of that particular proposition is deemed not to be sufficient, ordinarily such a general statement as a ground for new trial in nowise challenges the sufficiency of the evidence upon that particular proposition. In the latter case the failure of the evidence to support the

verdict, and in what respect it is unsupported, should be "plainly specified" in the motion for a new trial.

In this case, however, the only question before the jury was that of damages. The court directed the jury to find for the plaintiff, leaving the extent of damages to be found by the jury. That being the only question left to the jury, of course the general challenge to the sufficiency of the evidence presents only that question to the court. I shall therefore consider the motion for a new trial on these two propositions alone, because in the opinion of the court section 229, supra, has not been conformed to in any particular, and the causes for a new trial are not "plainly specified," so as to bring them before the court for consideration.

2. Referring to the affidavit in support of the motion for a new trial on the ground of newly discovered evidence, what do we find as the real ground of the motion? It is said that on the 6th day of May, 1898, a pretended action was commenced in this court by the filing of a complaint and the issuance of a summons in which the plaintiff is alleged to have been the Williamette Tent & Awning Company and the defendant one Joseph Levy, and the number of said cause was 642. An attachment issued in said cause, and was levied upon the property of Joseph Levy. Thereafter a redelivery bond was given, which was offered in evidence by the plaintiff, and was admitted by the court, and is plaintiff's Exhibit E. A judgment was entered in said cause No. 642, execution was issued, and the return on said execution was admitted in evidence in this case. It further appears that in another action instituted in this court under the title of the Williamette Tent & Awning Company, a corporation, v. Shoup, as marshal, and the West Coast Grocery Company, a corporation, and the Powers Dry Goods Company, a corporation, and numbered 1022 on the docket of this court, was by judgment of this court, rendered on the 30th day of January, 1903, dismissed

on the ground that the same was not brought or prosecuted in the name of the real party in interest. In this last case it appeared that the action had been brought in the name of the Williamette Tent & Awning Company, a corporation, and it afterwards appeared by the affidavit that such Williamette Tent & Awning Company was in fact not a corporation, and that the real party in interest in the case was one Henry Wimme, of Portland, Or., who claimed to be doing business under the name of the Williamette Tent & Awning Company.

The claim of the defendant here is that the proceedings in this last cause developed the fact that the original action, No. 642, was brought in the name of a fictitious plaintiff, and it was neither in the name of a natural or an artificial person, but in the name of a fictitious plaintiff, and therefore void.

Mr. Bliss, in his work on Code Pleading, at page 427, says:

"The remedy of misnomer has not often been considered, and there is want of harmony in the few cases which I find; although it is universally held that if the defendant pleads to the merits, the objection is waived unless an instrument in writing offered in evidence shows a variance."

The author cites Bank of Havana v. Magee, 20 N. Y. 355, in support of the proposition, and the case is on all fours with the case to which counsel here refers. If Mr. Bliss is right on the proposition, of course evidence of the facts here sought to be proved in another trial would be immaterial, and would in no wise change the result of the case. Notwithstanding, this court, in the exercise of its discretion, declined to allow the plaintiff in the other case to amend his complaint, which was brought in the name of the Williamette Tent & Awning Company, a corporation, and to substitute as plaintiff Henry Wimme, the real party in interest, and dismissed the case because of the fact of the disclosure that there was an artificial plaintiff, it in no wise follows that the court would necessarily hold the former judgment referred to by counsel as void, or

the proceedings void in that case, although the plaintiff, as disclosed by the affidavit of Wimme, was fictitious.

One motion to amend in case No. 1022 was filed before this case was tried, and a copy of the motion was in all probability served on counsel for defendant in this case, and service by him accepted, as appears by the files in that case; so that, whatever the facts were as to that matter, they were within the knowledge of counsel, and therefore presumably within the knowledge of his client. If this be true, counsel cannot now seek to have the verdict set aside because of newly discovered evidence. Newly discovered evidence means evidence discovered since the last trial.

Evidence known to a party but not to his attorney, or vice versa, is not newly discovered evidence. Isaacs v. People, 118 Ill. 538, 8 N. E. 821; Pace v. State, 63 Ga. 159; Russell v. Oliver, 78 Tex. 11, 14 S. W. 264.

Testimony upon which a new trial may be granted must be discovered since the last trial. Holeman v. State, 13 Ark. 105; People v. Freeman, 92 Cal. 359, 28 Pac. 261; O'Barr v. Alexander, 37 Ga. 195; Barrow v. State, 80 Ga. 191, 5 S. E. 64; Boot v. Brewster, 75 Iowa, 631, 36 N. W. 649, 9 Am. St. Rep. 515; Sexton v. Lamb, 27 Kan. 432; Gautier v. Douglass Mfg. Co., 52 How. Prac. (N. Y.) 325; Watkins v. U. S., 5 Okl. 729, 50 Pac. 88; Dingman v. State, 48 Wis. 486, 4 N. W. 668; Shaw v. State, 27 Tex. 750; Griffith v. Eliot, 60 Tex. 336.

Newly discovered evidence, to be sufficient, must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial is granted; (2) it must be discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former testimony; and (6) it must not be merely impeaching or contradictory of the former evidence.

Measuring the claimed newly discovered evidence ·in this case by these rules, and considering in that connection the files of the court showing that counsel was advised of the facts referred to in the affidavit several months prior to the trial of this case, it cannot be claimed that the matter set out in the affidavit in support of the motion for a new trial on the ground of "newly discovered evidence" is such as entitles the party to consideration on this phase of the case.

On the ground of the motion challenging the sufficiency of the evidence to support the verdict, the court has examined the evidence, and, outside of the writs offered in evidence by the plaintiff showing the property sold and the price received therefor, there is practically no evidence on the question of value. Mr. Marks was asked on examination in chief:

"Q. At the time the inventory was made did the goods have the tags on? A. Yes, sir; every box, what it was worth. Q. And after you paid the money he put you in possession and gave you the key? A. Yes, sir; took me down and gave me the keys. Q. You say the goods were marked? A. Yes, sir; everything. Q. And on that investigation you made your estimate of the value? A. Yes, sir; thirty-five hundred dollars."

On cross-examination of the witness Marks the following questions were propounded and answered.

"Q. There was no inventory turned over to your possession? A. No, sir; there was not; no, sir. Q. And all there was to that, you went over that stuff with Steffin, and he made out the list and papers, and you didn't get it? A. No, sir. Q. Was Joe Levy around when you took the inventory? A. No, sir. Q. These figures you talk about getting off the boxes, did you get them off the boxes, or off of any inventory or bill of lading or shipping bills—they were on the boxes? A. They were on the boxes. Q. How do you know that was the cost price? A. Well, Steffin was the man that done the work. Q. And he told you these figures on the boxes represented the cost price, did he? A. Yes, sir. Q. And that's all you know about it? A. Yes, sir."

The testimony of Mr. Marks was objected to, and should have been withdrawn from the jury. He was allowed by the

court to testify at the time as he did because of his age and seemingly defective memory, and because he seemed to be devoid of understanding as to what was desired of him in the way of testimony, and the court allowed him to wander, and state whatever he would; intending to withdraw all such testimony as was inadmissible from the jury. This was overlooked by the court when the case was submitted, and was not withdraw from their consideration. In my opinion the only competent evidence of value before the jury is to be found in the answer admitting the value of the goods to be $2,025, and by the writs offered by the plaintiff showing the sum received for the goods at forced sale. Whatever sum, therefore, the jury awarded in excess of the latter sum, there is no competent evidence to sustain. The evidence is insufficient to sustain the verdict as rendered; the said sum received on the sale being the largest sum that could have been allowed, with interest thereon at the legal rate.

Under the rule established in this court as to the sufficiency of the testimony, the motion for a new trial will have to be sustained unless plaintiff will remit the difference between the sum of $2,045.25, the amount specified as having been received on the return, and the amount returned by the jury. If the plaintiff chooses to remit this amount, the verdict will be sustained, and judgment entered for the difference, as above indicated.