SHOUP, U. S. Marshal, v. MARKS.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1904.)

No. 971.

1. JURISDICTION OF COURTS—ACT ESTABLISHING NEW COURTS IN ALASKA—SAVING CLAUSE.

The saving clause of Act June 6, 1900 (Alaska Civ. Code, § 368, 31 Stat. 552, c. 786), preserved the right of all plaintiffs who had commenced actions in the District Court for Alaska to prosecute such actions to final judgment under the law which was in force at the time of the passage of the act or under the provisions of such act, and such right is not lost because at the time the act took effect an action was pending in the Supreme Court of the United States into which it had been removed from the District Court for Alaska by writ of error.

2. EVIDENCE—VALUE OF GOODS SEIZED BY MARSHAL—ADMISSIBILITY OF RETURN TO WRIT.

In an action against a marshal to recover the value of goods taken by defendant from plaintiff on attachments against a third person, the return of defendant showing the seizure and sale of the goods by him, and the price received therefor, is competent evidence on behalf of plaintiff as tending to establish the value of the goods.

3. SAME—RECORD ENTRIES.

Where the return to a writ of execution is competent evidence, it is also competent to prove the issuance of the writ by the clerk's docket.

4. APPEAL—REVIEW—HARMLESS ERROR:

The rejection of testimony offered to contradict testimony of the adverse party, even if erroneous, was harmless error, where, under a subsequent ruling and the instructions of the court, the testimony sought to be contradicted became immaterial.

5. TRIAL—DIRECTION OF VERDICT.

It is not error to direct a verdict where the evidence is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict in opposition to it.

6. TROVER—EVIDENCE TO IMPEACH PLAINTIFF'S TITLE.

In an action of trover against an officer to recover the value of goods seized by him and taken from plaintiff's possession under a writ of attachment against a third person, where it has already been determined that under the statute such seizure was unauthorized and illegal, evidence tending to show that the sale of the goods by the attachment defendant to plaintiff was in fraud of the seller's creditors constitutes no defense by impeaching plaintiff's title, the sale being sufficient to transfer the title to him as between the parties, and as against all others except creditors of the seller proceeding legally under a valid process.

In Error to the District Court of the United States for the District of Alaska.

Arthur K. Delaney and Louis P. Shackleford, for plaintiff in error.

W. E. Crews, Malony & Cobb, and Lorenzo S. B. Sawyer, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. In May, 1898, Joseph Levy, then engaged in business at Juneau, Alaska, transferred his stock of merchandise to one Levine, who transferred the same to Kendall, and the latter transferred it to Antone Marks, the defendant in error. Certain of the creditors of Levy brought actions in the District Court of Alaska against Levy, and in said actions caused writs of attachment to issue, which were placed in the hands of the marshal. The marshal, under said writs, attached and took possession of the stock of merchandise, and upon judgments subsequently rendered in said actions sold the same on execution. The proceeds thereof were delivered to the creditors under an order of the court. The defendant in error brought in said District Court an action of trover against the marshal for the value of the goods so attached and sold. In December, 1898, a judgment was rendered in said action in favor of the plaintiff in error. To review that judgment the defendant in error took the case by writ of error to the Supreme Court of the United States. The Supreme Court reversed the judgment of the District Court on the ground that, inasmuch as it appeared from the undisputed evidence in the record that the goods were in the possession of the defendant in error at the time of the levy under the writs of attachment, the levy and attachment were void, for the reason that the marshal had failed to follow the direction of the laws of the state of Oregon then in force in Alaska (1 Civ. Code Or. [Ed. 1887] § 149, subds. 2, 3), which provided: "(2) Personal property capable of manual delivery to the sheriff and not in the possession of a third person shall be attached by taking it into his custody; (3) other personal property shall be attached by leaving a certified copy of the writ and a notice specifying the property attached with the person having the possession of the same." The cause was remanded for a new trial. Upon the second trial the jury disagreed. Upon the third trial the jury rendered a verdict for the defendant in error in the sum of $4,426.66. By an order of the court the verdict was reduced to $3,390.35, and on March 5, 1903, judgment was accordingly rendered for that amount. This writ of error is sued out to review that judgment.

The plaintiff in error contends that the trial court had no jurisdiction to hear said cause or to render said judgment for the reason that the action as brought and as originally tried was in the District Court of Alaska, as the same was created and organized under the act of Congress of May 17, 1884, c. 53, 23 Stat. 24; and that while the cause was pending in the Supreme Court, and prior to the decision thereof, Congress passed the act approved June 6, 1900, c. 786, 31 Stat. 321, entitled "An act making further provision for a civil government for

128 F.—3

Alaska and for other purposes," whereby the judicial system of Alaska was reconstructed, and a District Court, consisting of three divisions, with a judge, clerk, and marshal for each, was established. The record shows that the plaintiff in error, before the last trial of the cause in the court below, made timely objection thereto, on the ground that the District Court, Division No. 1 of Alaska, being one of the three courts created by the act last above referred to, had no jurisdiction to hear, try, or determine the same. In support of his contention, McNulty v. Batty, 10 How. 75, 13 L. Ed. 333, and other cases, are cited, which sustain the doctrine that where, pending a writ of error to a Supreme Court of a territory from the Supreme Court of the United States, the territory is admitted into the Union as a state, and no provision is made saving the rights of litigants under pending writs of error or appeals, all authority under the territorial government, including the laws organizing its courts and providing for revision of their judgments in the Supreme Court by appeal or writ of error, become extinguished by the abrogation of the statutes under which the territorial courts were created, and all pending actions are thereby abated. In answer to this, we think it is sufficient to refer to the saving clause in the act of Congress of June 6, 1900, providing as follows: "No person shall be deprived of any existing legal right or remedy by reason of the passage of this act and all civil actions or proceedings commenced in the courts of the district before or within sixty days after the approval of this act may be prosecuted to a final judgment under the law now in force in the district or under this act." 31 Stat. 552, c. 786, § 368. This provision conserves to the defendant in error the right to prosecute his action to a final judgment either under the law which was in force prior to the passage of the act, or under the provisions created by the act, his action having been begun before the approval thereof. See, also, Bird v. United States, 187 U. S. 118, 23 Sup. Ct. 42, 47 L. Ed. 100.

It is assigned as error that the court admitted in evidence a copy of the redelivery bond executed by the defendant in error in the case of the Willamette Tent & Awning Company against Levy, which was offered in evidence as tending to show that the goods levied upon were in the possession of the defendant in error at the time of the seizure thereof by the plaintiff in error. The objections which were made to the introduction of the copy were, first, that the loss of the original was not shown; and, second, that there was no testimony to show the delivery of the original bond to the marshal. These objections were not well taken. The evidence showed that the paper was a true copy of the original. There was evidence also that the bond was delivered to the marshal's deputy, who was in charge of the seized goods at the time. The plaintiff in error was not denied the right to introduce evidence to show, if he could, that the paper was not a true copy of the original, or that the original never came into his possession.

It is contended that the court erred in admitting in evidence the return of the marshal in the same case over the objection that it was incompetent and immaterial. The return showed that on May 6, 1898, the goods in controversy were by the marshal delivered to the defendant in error upon a redelivery bond, by which he and his sureties ob-

ligated themselves to return said property to the marshal, or to pay the value thereof in case the same were adjudicated to be the property of the defendant in the writ, and that subsequently the plaintiff in error, by his deputy, levied upon and took the property from the defendant in error by virtue of two writs, and sold the same on execution for $2,035.65. It was offered in evidence as tending to show the value of the goods. We think there was no error in its admission for that purpose. The price obtained by an officer at forced sale under an execution, while not conclusive of the value, is competent evidence thereof. Smith v. Mitchell, 12 Mich. 180. But there was no error in admitting such testimony, for the further and conclusive reason that the plaintiff in error in his answer to the complaint admitted the value of the goods to be the sum which was realized upon the execution sale.

We find no merit in the contention that the court erred in admitting evidence of the docket entry of the clerk of the court to show that on November 12, 1898, execution issued in the case of Willamette Tent & Awning Company against Levy. Notice had been served upon counsel for plaintiff in error to produce the marshal's execution docket, but it had not been produced. It being competent to admit in evidence the return to the writ, it was proper to prove the issuance of the writ.

Error is assigned to the exclusion of the evidence offered by the plaintiff in error by his witness W. D. Grant as to who was in possession of the store and goods in controversy at the time when he, as deputy marshal, made levy on the same on behalf of the Powers Dry Goods Company and the West Coast Grocery Company. The witness was asked the question who was in possession of the goods at the time when he went into the store. This was objected to as calling for a conclusion of law, and the court sustained the objection. The witness was then asked who was there when he got there, and he answered, "Mr. Steffin and a man by the name of Adler." He was then asked if these men were apparently in possession of the store and goods. This was objected to as leading, and the objection was sustained. Witness went on to testify that there was no one else there at the time, that he informed Adler and Steffin what his business was, and that they made no claim on behalf of the defendant in error to the possession or ownership of the goods. The rulings of the court in regard to the testimony were clearly right. The plaintiff in error obtained by the evidence all that he was entitled to, which was that Adler and Steffin were in the store at the time when the witness went there, and that they made no claim that they were in possession on behalf of the defendant in error or that he owned the goods.

It is assigned as error that the court excluded the testimony of one O H. Adsit. The defendant in error had testified on his direct examination that when he took possession of the store and the goods he and Steffin made an inventory. In order to disprove this, the plaintiff in error asked the witness Adsit, who went into the store on the 15th or 16th day of May, the following question: "You may state to the court and jury what you found there in reference to the condition of the goods; that is, whether they had apparently been moved or taken out of the boxes, or whether there was anything to indicate that an in-

ventory or invoice had been made." This was objected to as irrelevant and immaterial, for the reason that the inventory had been taken about May 6th. Counsel for plaintiff in error then stated that he desired to show that the boxes which the defendant in error had testified about were covered with dust, and that the condition of the goods was such as to indicate that they had not been moved for weeks and months. The court excluded the evidence, on the ground that he had confined the plaintiff in error to evidence concerning the possession of the goods. There can be no doubt that the plaintiff in error had the right to call witnesses to contradict any material statement made in the testimony given by the defendant in error. It may be doubted, however, whether the testimony proffered was such as to tend to contradict the statement that an inventory had been made. An interval of 10 or 11 days had elapsed between the date when it was said that the inventory was taken and the time when the witness entered the building. There was no express offer of evidence to show that in that period dust would not accumulate upon the boxes so that they would become as fully covered with dust as they were when the witness saw them, or how it could be demonstrated that an inventory had not been taken. Before it can be said that the trial court erred it must be made to appear that the evidence called for by the interrogation was such that the court could see that it would tend to establish the fact for which it was tendered. But, whatever may have been the value of the proffered testimony, its rejection was immaterial, in consideration of the subsequent action of the court and instruction which was given to the jury. The court permitted the jury to determine only the amount of their verdict for the defendant in error. The rejected testimony could have had no bearing upon the judgment which was finally rendered, because the court, in subsequently reducing the amount of the verdict and confining the judgment to the amount which the marshal realized upon the sale of the goods, stated that he discarded all of the testimony of the defendant in error as to his having taken an inventory. It is apparent, also, from the remarks of the court, that the rejected testimony was deemed to have no value as affecting the question of the possession, for the court intimated that, even if it were shown that no inventory had been taken, the evidence showing possession in the defendant in error was sufficient to justify his instruction to the jury. That instruction we shall presently consider. It is sufficient to say that we are not convinced that the conclusion of the court in that respect was erroneous.

Error is assigned to the instruction of the court whereby the jury were directed to return a verdict for the defendant in error for such sum as they might find him entitled to under the evidence as the value of the goods taken. The court said to the jury:

"I hold that there is no evidence here to show rightful possession in the marshal; that the only evidence now before this court is the testimony showing the possession to be in Marks. Marks has testified that he leased these premises. He has testified that he paid the rent on the premises, and that he was in possession of them before any attempt to levy upon the goods was made. In addition to that, he gave a redelivery bond. That bond is here in evidence, undisputed. Now, upon the case as made, I shall instruct the jury to return a verdict for the plaintiff for such sum as they think him entitled to under the evidence."

The bill of exceptions further contains the following entry:

"The testimony and offers of testimony on both sides being closed, the court gave a peremptory instruction to the jury to return a verdict for the plaintiff."

No exception was taken to the remarks of the court or to the peremptory instruction to the jury. We might dispose of the assignments of error with that observation. But we have given the record careful consideration, and have reached the conclusion that there was no error in the instruction as given. The evidence relied upon by the plaintiff in error as tending to disprove the possession of defendant in error consists in inferences to be drawn from the testimony of Kelly and Adsit and from the testimony of Grant, above considered, in which he testified that he found Steffin and Adler in the store at the time of the levy, and that they made no claim that the defendant in error was in possession of or owned the goods. No inference can be drawn from their silence on that subject. Steffin was the clerk of the defendant in error. Both he and Adler doubtless knew that the goods were being levied on under the claim that they were the property of Levy. It is not to be presumed that they were advised of the legal rights of the defendant in error, or knew that the fact of his possession of the store and goods was an obstacle to their seizure under the writs. Grant admitted that within a few minutes after the levy he was met by the defendant in error and his attorney, and that they demanded the return of the property on the ground that it was the property of the defendant in error and in his possession, and that the levy was therefore void. We find nothing in the testimony of Kelly or Adsit tending to disprove the direct and positive testimony of the defendant in error on the subject of his possession. The trial court may direct a verdict in any case where the evidence is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Pennsylvania R. Co. v. Martin, 111 Fed. 586, 49 C. C. A. 474, 55 L. R. A. 361. We find no ground for holding that the court misapplied the rule.

It is contended that the trial court erred in excluding evidence offered by the plaintiff in error to show that the transfer of the goods to the defendant in error was made for the purpose of defrauding his creditors. If it was fraudulent, as this evidence seemed to indicate, it was void as to the attaching creditors. It is true that in trover, unlike the rule in trespass, the plaintiff must recover on the strength of his title, and that hence title in a third party may be shown in defense, even though the defendant in the action be in no way connected therewith. But in this case the excluded evidence did not tend to show title in a third party. It tended to show a transaction which, although void as to Levy's creditors, was, as between Levy and the defendant in error, sufficient to transfer the title to the latter. Such evidence could constitute no defense to the action, and its exclusion was not error. What is meant by saying that a fraudulent conveyance is void as to the grantor's creditors is that it constitutes no obstacle to legal process issued at the instance of creditors to subject the property to the payment of their demands. No creditor can seize the property, except by

such process, without rendering himself liable to the consequences of an unlawful interference with it. The opinion of the Supreme Court in Marks v. Schoup, 21 Sup. Ct. 724, 45 L. Ed. 1002, above referred to, concludes with these words: "It follows that the levy was invalid, and could constitute no defense to the defendant, and the jury should have been so instructed."

We find no error in the record for which the judgment should be reversed. It is accordingly affirmed.