64

**Joseph M. BARNETT**

v.

**Sterling O. WARNER and Horacio Cruz.**

**Civ. A. 18141.**

United States District Court
W. D. Pennsylvania.

Nov. 16, 1959.

Stanley V. Ostrow, of Crone & Cohen, Pittsburgh, Pa., for plaintiff.

Wm. A. Challener, Jr., Pittsburgh, Pa., for defendant, Sterling O. Warner.

David B. Fawcett, Jr., of Dickie, Mc-Camey, Chilcote & Robinson, Pittsburgh, Pa., for defendant, Horacio Cruz.

MARSH, District Judge.

■ In this action it appears that the plaintiff is a citizen and resident of the State of New York, the defendant Warner is a citizen and resident of the Commonwealth of Pennsylvania, and the defendant Cruz is a citizen and resident of the State of Ohio. Instead of answering the complaint, the defendant Cruz filed a motion to dismiss because venue is lacking. Since the plaintiff is a resident of New York and all the defendants are not residents of the same state, venue is lacking and the complaint of the plaintiff against the defendant Cruz should be dismissed. 28 U.S.C.A. § 1391(a).

■ The defendant Warner filed an answer to the complaint and now argues that the general appearance entered by counsel for Cruz cures any defect of venue, and that the entry of a general appearance was a positive act on the part of this defendant submitting to the venue of the court. Counsel overlooks the point that under Rule 12(b), Fed.R. Civ.P., 28 U.S.C.A., providing for raising improper venue by answer or motion, special appearances to make the defense, in effect, are abolished. Cyclopedia of Federal Procedure, vol. 5, § 15.490, pp. 493–494; Carlisle v. S. C. Loveland Co., 3 Cir., 1949, 175 F.2d 418. Therefore, under the rules a defendant may enter a general appearance and file a motion to dismiss for lack of venue. See: Cyclopedia of Federal Procedure, vol. 3, § 4.52, p. 134; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 874; Untersinger v. United States, 2 Cir., 1949, 172 F.2d 298.

The action of Joseph M. Barnett against Horacio Cruz will be dismissed.