**Natividad SALINAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 151.**

Supreme Court of Alaska.

June 30, 1962.

Rehearing Denied Aug. 6, 1962.

Fred D. Crane of Taylor & Crane, T. N. Gore, Jr., Fairbanks, for appellant.

Robert C. Erwin, Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The appellant, Natividad Salinas, was tried by jury and convicted in the District Court for the District (Territory) of Alaska of the crime of arson in the second degree. He appealed from the conviction to the United States Court of Appeals for the Ninth Circuit. While this appeal was pending he moved in the trial court, on January 4, 1960, for a new trial on the ground of newly discovered evidence. On February 20, 1960, pursuant to section 15 of the Alaska Statehood Act [1] and Executive Order No. 10,867,[2] this case, includ-

---

1. Pub.L. 85–508, July 7, 1958, 72 Stat. 339, 48 U.S.C.A. preceding § 21.

2. 25 Fed.Reg. 1584 (1960), 28 U.S.C.A. § 81A note.

ing the motion for new trial, was transferred to the Superior Court for the State of Alaska, Second Judicial District.

On May 2, 1960, the conviction of the appellant was affirmed by the United States Court of Appeals for the Ninth Circuit[3] and that court's mandate issued on June 6, 1960. On August 23, 1960, the superior court finally acted upon the motion pending before it and ordered a new trial. The state thereupon moved to vacate the order and, when its motion was denied, petitioned us to review the trial court's ruling. We granted the petition and in a per curiam opinion held that, after affirmance and remand by this court[4] to render judgment in conformity with the mandate, the trial court, under the provisions of Crim. R. 33,[5] may consider and deny a motion for a new trial based on newly discovered evidence without reference to this court. But the court cannot grant the motion without first applying for and obtaining a remand of the case from this court for the stated purpose of granting a new trial.[6]

In the opinion we stated that we were reversing the trial court without prejudice to appellant's right to refile his motion for a new trial, and we requested the trial court to consider any such subsequent motion in the light of the requirements set out in the majority opinion in Pitts v. United States, 263 F.2d 808, 810 (9th Cir.1959), cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959).

On June 17, 1961, the appellant renewed his motion for a new trial on grounds of newly discovered evidence. This time the

trial court denied the motion, stating from the bench preliminary to its ruling:

"The Supreme Court has said that Pitts v. United States (is not?) the law of the State of Alaska and the requirements of that case must be met. * * * At this time I feel that the defendant [appellant] has not made its showing. * * *"

We have carefully examined the entire record in this case and conclude that the trial court was correct in denying the motion.

■■ In the first place, the motion for a new trial on the basis of newly discovered evidence is addressed to the discretion of the trial court, the exercise of which, in the absence of abuse is not reviewable.[7] This is so for the reason that the trial judge is in a better position to determine the possible effect and merit of the alleged newly discovered evidence since he presided over the original trial and heard all the evidence there.[8] It might be argued that this rationale does not apply to the case at hand for the reason that Judge Gilbert who ruled on the motion for a new trial was not the judge before whom the trial was held and that we are, therefore, in as favorable a position to determine the merits of the motion for a new trial as was the judge who denied the motion below. To that we answer that, had we been sitting in the place of Judge Gilbert, on the record in this case we would have ruled exactly as he did and denied the motion. We find no abuse of discretion.

3. Salinas v. United States, 277 F.2d 914 (9th Cir. 1960).

4. For the purposes of this case we considered the affirmance and remand by the United States Court of Appeals for the Ninth Circuit as being affirmance and remand by the state supreme court.

5. The pertinent provision of Crim.R. 33 reads:
"A motion for a new trial based on the ground of newly-discovered evidence may be made only before or within two years after final judgment, but if an appeal

is pending the court may grant the motion only on remand of the case. * * *"

6. State v. Salinas, 362 P.2d 298 (Alaska 1961).

7. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); Pitts v. United States, 263 F.2d 808 (9th Cir. 1959), cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959).

8. United States v. Johnson, supra note 7, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. at 566.

The principal argument advanced by counsel for the appellant in a rather desultory and makeshift brief seems to be that the trial court erred in denying the motion for a new trial without stating "the manner or in what respect" the appellant had failed to meet the tests promulgated in the Pitts [9] case which we requested the trial court to consider in the event that the appellant should renew his motion for a new trial.

Turning now to the Pitts case, which went up from Alaska (before statehood) to the United States Court of Appeals for the Ninth Circuit, we read:

"A motion for a new trial based on the ground of newly discovered evidence has to meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would

probably produce an acquittal. * * * " [10]

It is quite evident to us that the trial court followed our admonition and applied the Pitts case tests to the appellant's renewed motion for a new trial, because just before denying the motion the court stated:

"* * * the requirements of that [Pitts] case must be met. * * * At this time I feel that the defendant [appellant] has not made its showing. * * *"

Nowhere in his brief does appellant point out to us the facts or circumstances upon which he bases his conclusion that he has fully complied with the five requirements for a new trial laid down in the Pitts case.[11] On the other hand we have read the record and the affidavits in support of the motion for a new trial and we find therefrom that the appellant's so-called "newly discovered evidence" was known to him before and at the time of the trial;[12] that he failed to exercise due diligence in that he did not ask for a continuance at the trial when it became apparent to him that the witness who would give the "newly discovered evidence" had

9. Pitts v. United States, supra note 7.

10. Pitts v. United States, 263 F.2d 808, 810 (9th Cir. 1959), cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959). See also Gallegos v. United States, 295 F.2d 879, 881 (9th Cir. 1961); Ashe v. United States, 288 F.2d 725, 733 (6th Cir. 1961).

11. The sum total of appellant's argument that he has fulfilled the requirements for a new trial is set forth in his brief as follows:
    "The affidavits submitted to the Court below show that a deliberate suppression of evidence was had by the prosecution in failing to ascertain the whereabouts of the witness although it was strictly within their knowledge.
    "Counsel has further shown the materiality of the testimony to be shown before the trial court upon the production of this witness and that such was not purely cumulative and impeaching, but that it was new in all its aspects. Also

the probability that the testimony of this witness would effect a completely new result.
    "At this juncture, counsel wants to also point out that in the case of United States v. Smith, [D.C.], 179 F.Supp. 64 [684] [sic], the court stated:
    "'If there has been a miscarriage of justice, it should be rectified irrespective of any technical obstacles and that it is the usual view of this court where the substantial rights are involved.'
    "Counsel contends that the Opinion of this Court, in granting the Writ of Review and in remanding the matter to the lower court best pointed out the past [sic] for the granting of the motion for a new trial."

12. The rule was recognized and applied in Alaska as early as 1903 that testimony upon which a new trial may be granted must be discovered since the last trial. Marks v. Shoup, 2 Alaska 66, 71 (D. Alaska 1903), aff'd 128 F. 32, 2 Alaska F. 231 (9th Cir. 1904).

not been found;[13] that such evidence was either cumulative or in contradiction of evidence presented at the trial;[14] and that the newly discovered evidence is not so material that it would probably produce an acquittal if a new trial were granted.

In connection with this last point, we examined all of the new evidence in the light of the whole record and have concluded that justice has been done and that the appellant is not entitled to a new trial on the showing made. The new evidence would not preclude the jury from finding that the fire in this case was set by human hands and that the appellant was the person who set it.

It is apparent to us from the record that the trial court found that one or more of the requirements necessary to entitle the appellant to a new trial had not been met. As already stated we find no abuse of its discretion by the trial court in denying the motion for a new trial.

In a supplemental memorandum to his brief the appellant contends that he should be granted a new trial for one further reason, namely, that there is a reasonable probability that there has been a miscarriage of justice in this case. He bases his contention upon a statement made by Judge Holtzoff in a District of Columbia case:[15]

"If there has been a miscarriage of justice, it should be rectified irrespective of any technical obstacles, and that is the usual view of this Court where substantial rights are involved * * *."

The appellant argues that, since the evidence against him was all circumstantial, the trial judge should have given an instruction on circumstantial evidence in keeping with our decision in Davis v. State, 369 P.2d 879, at page 882 (Alaska 1962), wherein we held:

"* * * it was incumbent upon the state to produce evidence of circumstances which excluded every reasonable hypothesis except that of guilt. In other words, the circumstantial evidence had to be such as to exclude every reasonable theory consistent with Davis' innocence. * * *"

Instead, the trial judge felt that he was bound by the decision of the United States Supreme Court in the case of Holland v. United States[16] and so gave the following

13. See Scanlan v. San Francisco & S. J. V. Ry. Co., 128 Cal. 586, 61 P. 271 (1900); Livestock Credit Corp. v. Corbett, 53 Idaho 190, 22 P.2d 874, 877 (1933). In the Scanlan case it was held that where the defendant was advised before trial of the materiality of the testimony of a witness, but went to trial without him because his location was unknown and neglected to move for a continuance on such ground, he was not entitled to a new trial on locating the witness on the ground of newly discovered evidence.

14. Newly discovered evidence which is merely cumulative or contradictory of evidence produced at the trial will not warrant a new trial on grounds of newly discovered evidence. United States v. Johnson, 142 F.2d 588, 592 (7th Cir. 1944); Marks v. Shoup, note 12 supra, 2 Alaska at 71.

15. United States v. Smith, 179 F.Supp. 684, 686 (D.D.C.1959), aff'd 109 U.S.App.D.C. 28, 283 F.2d 607 (1960), cert. denied 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed. 2d 369 (1961). The Smith case needs to be read in its entirety for one to get the full import of the decision, because Judge Holtzoff went on to say that the granting of a new trial is a very serious matter, which must be approached with caution and circumspection and which becomes even more serious as time slips by and some witnesses disappear or die and the memory of others fades, causing their testimony to be weaker at the second trial. The distinguished jurist concluded that in the case before him at the time "the ends of justice not only fail to require the granting of the motion but that on the other hand the ends of justice might be defeated if the motion were granted."

16. 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). In this case the Court stated (348 U.S. at 139–140, 75 S.Ct. at 137, 99 L.Ed. at 166): "* * * The petitioners assail the refusal of the trial judge to instruct that

**516**

instruction which is objected to by the appellant as being an insufficient statement of the law:

"Two classes of evidence are recognized and admitted in courts of justice, upon either or both of which, if adequately convincing, juries may lawfully find an accused guilty of crime. One is direct evidence and the other is circumstantial. Direct evidence of the commission of a crime consists of the testimony of every witness who, with any of his own physical senses, perceived any of the conduct constituting the crime, and which testimony relates what thus was perceived. All other evidence admitted in the trial is circumstantial, and insofar as it shows any acts, declarations, conditions or other circumstances tending to prove a crime in question, or tending to connect the defendant with the commission of such a crime, it may be considered by you in arriving at a verdict. The law makes no distinction between circumstantial evidence and direct evidence as to the degree of proof required for conviction, but respects each for such convincing force as it may carry and accept each as a reasonable method of proof."

■ The giving of this instruction does not justify granting a motion for a new trial. The instruction correctly expressed the law applicable in Alaska in 1958 when this case was tried. The appellant cannot lay claim to a new rule of law on the subject under consideration which did not come into existence until three years later when we announced our decision in Davis v. State, supra.

The judgment is affirmed.

where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, [citing federal cases] but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, [citing federal cases and 1 Wigmore, Evidence (3d ed.) §§ 25, 26].

"Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. * * * In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."