382 P.2d 760 (1963)
Harry Robert RANK, Appellant,
v.
STATE of Alaska, Appellee.
No. 324.
Supreme Court of Alaska.
June 15, 1963.
Albert Maffei, Anchorage, for appellant.
Robert C. Erwin, Dist. Atty., and Dorothy Awes Haaland, Asst. Dist. Atty., Anchorage, for appellee.
Before NESBETT, C.J., and DIMOND and AREND, JJ.
DIMOND, Justice.
Rank began serving a sentence for arson after this court affirmed his conviction in Rank v. State, Opinion No. 92, 373 P.2d 734 (Alaska 1962). He now appeals from a denial of his motion for a new trial based on the ground of newly discovered evidence.
The building that was destroyed by fire was an unoccupied dwelling house owned by Rank and his wife. Rank admittedly had been in the house within an hour of the time the fire was first observed. There was no evidence that any other person had been on the premises that day.
The newly discovered evidence that Rank relies upon consists of the testimony of Harold Ransier whose home was located about 150 yards from Rank's house. At the hearing of the motion for a new trial, Ransier stated that as he was driving home a few minutes before the fire was discovered, he observed a man leave the front door of Rank's house and run to a car parked in the driveway. This unidentified person then jumped into the car, backed out in the street right in front of Ransier's *761 car, spun his wheels and departed in a hurry. Ransier was later taken to the police station where Rank was exhibited to him for possible identification. He did not know who Rank was at that time, and he could not identify him as the man he had seen at Rank's house.
In Salinas v. State[1] we stated that a motion for a new trial based on the ground of newly discovered evidence must meet the following requirements:
"(1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal."
The fifth requirement is not met in this case. Ransier saw a man coming from the front door of the house, but did not know whether he had been inside. Two days before the fire Rank's tenant, Powers, had vacated the premises. At the trial Powers testified that when he left the house the back door was nailed shut and the windows were locked, and that he had locked the front door with a padlock for which only he and Rank had keys. Rank had testified that when he entered the house shortly before the fire he unlocked the padlock on the front door, and then locked it again when he left, and that he had one key and Powers had one.
In the light of this evidence it is highly unlikely that a jury would regard Ransier's testimony as sufficient to raise a reasonable doubt as to Rank's guilt. It may be true, as Rank suggests, that a jury could find from Ransier's testimony that another person had been "on the scene of the crime" between the time that Rank said he left the premises and the time that the fire was detected. But a jury could not reasonably draw any inference that this undisclosed person might have set the fire, when there was no evidence of motive, no evidence that such person had been in the house, and no apparent way that he could have gained access to the house which the evidence showed was securely locked at the time. We hold that the newly discovered evidence is not such as would probably produce an acquittal on a new trial.[2]
The motion for a new trial also fails to satisfy the requirement that there be a showing of diligence in attempting to locate Ransier before or at the time of trial. Rank's counsel stated in an affidavit that immediately prior to trial he and Rank had "investigated amongst the neighbors to determine whether or not any of them knew anything further about the fire or had seen other persons there." But he has not stated what was done in checking the neighborhood and has offered no explanation for failing to find Ransier who lived within 150 yards of Rank's house. Furthermore, if counsel had examined the records of the superior court clerk he would have discovered that more than a month before trial, and then again on the day the trial started, subpoenas had been filed showing that Harold Ransier, of a given address which was in the neighborhood of Rank's house, had been subpoenaed to testify as a witness for the state.[3] These are facts from which the lower court could infer that Rank did not use reasonable diligence to learn of Ransier's testimony at the time of trial.
The judge properly exercised his discretion in denying the motion for a new trial, and his order to that effect is affirmed.
NOTES
[1] Opinion No. 90, 373 P.2d 512, 514 (Alaska 1962).
[2] See Salinas v. State, Opinion No. 90, 373 P.2d 512, 515 (Alaska 1962).
[3] At the hearing of the motion for a new trial, Ransier testified that he had been subpoenaed twice. The first time he appeared he was told by the clerk that the trial had been postponed, and the second time, was told by the prosecuting attorney that he wouldn't be needed.