Fletcher A. LOWMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 595.

Supreme Court of Alaska.

Nov. 30, 1966.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, Justices.

RABINOWITZ, Justice.

A superior court grand jury in Ketchikan returned an indictment charging appellant with murder in the first degree.[1] After a trial by jury, in which appellant was represented by court appointed counsel Ernest E. Bailey, appellant was convicted of the lesser included offense of manslaughter. An indeterminate sentence of one to twenty years was then imposed by the superior court.

Appellant then appealed, and Charles L. Cloudy of the Ketchikan bar was appointed by this court to represent him. Thereafter Mr. Cloudy filed a motion to be released from his appointment as counsel for appellant. After explicitly informing us as to the nature of his study and investigation of the case, Mr. Cloudy, in an affidavit filed in support of his motion, stated:

> That in my opinion, the Appellant has no basis for appeal and consequently, I am not able to file a statement of points and designation of the record as required by Supreme Court Rule 9, nor am I able to prepare and submit a brief in support of an appeal. In my opinion, there is not even an arguable basis for an appeal of this case, and I quite frankly would have to resort to imaginative devices which go far beyond my professional calling in order to fabricate the papers necessary to an appeal of this cause.

In this same affidavit counsel indicated that appellant claimed that "the wrong man" was convicted and that this assertion of appellant's was based "upon the discovery of new evidence."[2] We then requested Mr. Cloudy to represent appellant in connection with the potential motion for new trial in the superior court.[3]

A motion for new trial on the grounds of newly discovered evidence was filed in the

---

1. The indictment charged that appellant killed Gavino Ortiz Quimo on October 8, 1964, in violation of AS 11.15.010.

2. On this point, Mr. Cloudy further stated in his affidavit:
   That I am not able, at this time, to fully assess the merits of the Appellant's claim that he has newly discovered evidence which will prove that the jury convicted the wrong man; however, it appears to me that if any further representation is to be provided Appellant, it should be with reference to inquiring into the merits of this claim which might provide the base for a new trial rather than pursuing what I sincerely believe to be a useless and totally unwarranted exercise in Appellate procedures.

3. Counsel's motion to withdraw was denied and the appeal held in abeyance.

superior court. After a hearing in which the court heard testimony from twelve witnesses, an order was entered denying appellant's motion for a new trial.[4]

Mr. Cloudy then corresponded with this court and again requested that he be released from his appointment. In this second letter Mr. Cloudy wrote that in his opinion "there is no basis for an appeal of the denial of our motion" for new trial and also reiterated his previous conclusion that he could not ascertain any grounds for an appeal from the judgment and commitment which had been entered.[5] By order of this court Mr. Cloudy's appointment was vacated.

We have now carefully reviewed the entire record in this case (both as to the trial and to the new trial hearing) and have concluded that there is no basis for an appeal either from the manslaughter conviction or the denial of appellant's motion for new trial on the grounds of newly discovered evidence.

■ There was more than sufficient evidence to sustain the jury's verdict of manslaughter. The record discloses that appellant administered a totally unprovoked and savage beating upon the person of Gavino Quimo. As a result of being kicked and hit in the head and throat by appellant, Gavino Quimo sustained an injury to his larynx which led to suffocation. Our review of the whole record, and in particular the testimony of the two eyewitnesses[6] to this beating, has convinced us that the jury had more than adequate evidence upon which to convict of manslaughter; that the jury was properly instructed; and that appellant received a fair trial.

■ We have also studied the complete record pertaining to the denial of appellant's motion for new trial. We are of the opinion that appellant's showing did not meet, in any respects, the requisites for a new trial which were enunciated in Salinas v. State.[7] At the conclusion of the hearing on the motion, the trial judge indicated that he could not place any credence in the only witnesses (two) whose testimony even remotely supported appellant's thesis that Terry Mueller was the man who had killed Quimo. We are of the opinion that the trial

---

4. In this order denying the motion for new trial, the court stated in part:

   The Court having heard the evidence presented in support of defendant's motion for new trial, and having considered defendant's memorandum on the motion * * * finds that no credible evidence presented to the Court supports defendant's contentions in this motion.

   Note: In "Defendant's Memorandum on Motion for New Trial," counsel carefully disclosed the investigation he had made in regard to the motion for new trial. In this post hearing document, counsel's concluding paragraph read in part:

   [W]e are of the opinion that not only were no grounds for a new trial developed at the hearing, but that nothing was developed which would warrant further investigation into the matter.

5. Mr. Cloudy concluded his letter with the following statement:

   Acting on the assumption that the pending appeal will automatically carry any right of appeal from the denial of the motion for a new trial, I have not filed any further notice of appeal in

   protection of Mr. Lowman's right of appeal.

6. The state produced two eyewitnesses. Jim Hendricks observed the beating from his car which was parked some 40 to 50 feet away from the point in Pioneer Alley where the killing took place. The other witness was Terry Mueller who was in Pioneer Alley when the tragic event occurred.

7. 373 P.2d 512, 514 (1962). In this case we held that a motion for new trial must meet the following requirements:

   " 'A motion for a new trial based on the ground of newly discovered evidence has to meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal.' "

judge correctly denied appellant's motion for new trial.[8]

We, therefore, affirm the judgment and commitment entered below as well as the superior court's denial of appellant's motion for new trial on the grounds of newly discovered evidence.[9]

8. What triggered the motion for a new trial were two affidavits of Peter Johns in which he stated that one week after the killing took place Terry Mueller was brought into the Ketchikan jail and at that time (while drunk) yelled "I killed the Filipino Quimo." Mr. Johns' testimony at the hearing amounted to a repudiation of his prior affidavits.

9. Selman v. State, 409 P.2d 602 (Alaska 1966).