Donald **NORTH**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1566.

Supreme Court of Alaska.

April 13, 1973.

Ronald G. Birch, of Birch, Jermain & Horton, Anchorage, for appellant.

John E. Havelock, Atty. Gen., James A. Reeves, Asst. Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

OPINION

PER CURIAM.

Appellant was convicted by jury of assault with a dangerous weapon and manslaughter as a result of a shooting incident outside of the B & B Bar in Kodiak on June 1, 1970.

Appellant has urged as errors in this case the admission of certain testimony of Doctor Eufemio, the refusal to permit introduction of the pathological report of Doctor Bierne, the admission of impeachment testimony of William Bardot, and that one of the trial court's instructions was not a correct paraphrase of the mandatory criminal jury instruction required by Criminal Rule 30(b)(2) that oral admis-

sions of a party ought to be viewed with caution.

 Upon review of the record we find that none of the above claimed errors, except the one pertaining to the report of Doctor Bierne, were objected to in the trial court. It is clear that they do not rise to the level of plain error.[1] While the report of Doctor Bierne was not admitted, Doctor Eufemio was permitted on cross-examination to testify as to its contents. At most, any possible error in failing to admit the report would thus be harmless.[2]

 Appellant also argues that the delay of approximately ten months between charge and trial herein was a denial of his right to speedy trial. To support his claim of prejudice, appellant relies on the testimony of trial counsel[3] at a post-trial hearing that he was unable to locate two witnesses. An examination of the record discloses no attempt to subpoena such witnesses for the trial, no pre-trial motions for either continuance or speedy trial because of absent witnesses, no indication of what testimony these witnesses would have given, and no indication that this was called to the attention of the trial judge. In the circumstances of this case, the claim of prejudice flowing from a denial of speedy trial can only be viewed as unsupported.[4]

 As a final claim of error, appellant urges that the trial court abused its discretion in denying his motion for a new trial on the basis of newly discovered evidence. The evidence presented consisted of the testimony of the pathologist, Doctor Bierne, and that of the ex-wife of the chief prosecution witness who claimed her husband told her the day after the event that he did not know how it happened. We have examined the transcript carefully and find the evidence claimed to be newly discovered would at best be merely cumulative and impeaching and we are unable to say that it would probably produce an acquittal at a new trial.[5]

The judgment of conviction is affirmed.

FITZGERALD, J., not participating.

---

1. Crim.R. 47(b) ; *see* Bakken v. State, 489 P.2d 120, 128–129 (Alaska 1971) (dissenting opinion), for a definition of plain error.

2. Crim.R. 47(a).

3. Counsel on appeal was different from trial counsel.

4. Tarnef v. State, 492 P.2d 109, 113–14 (Alaska 1971).

5. Rank v. State, 382 P.2d 760, 761 (Alaska 1963) ; Salinas v. State, 373 P.2d 512, 514 (Alaska 1962).