Robert D. HARTWELL, Petitioner,

v.

Frank E. COOPER, Guardian of the Estate
of Ahira B. Sorrells, Respondent.

No. 337.

Supreme Court of Alaska.

April 10, 1963.

Eugene F. Wiles, Plummer, Delaney &
Wiles, Anchorage, for petitioner.

John M. Savage, Clark & Savage, An-
chorage, for respondent.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

PER CURIAM.

The petitioner, a 17-year old minor, is
the defendant in a negligence action
brought against him for personal injuries.
The superior court has asserted personal
jurisdiction over him by denying his mo-
tion to quash service of process which had
been made by delivering copies of the sum-
mons and complaint to his father in Alas-
ka, but not to petitioner personally who al-
legedly was residing with his grandparents
in the state of Maine. In requesting this
court to review the decision of the court
below, petitioner contends that the service
that was made was not effective to give the
court jurisdiction over him.

Process must be served in accord-
ance with the Rules of Civil Procedure.
Under Civ.R. 4(d) (2) it is not sufficient
merely to deliver copies of the summons

and complaint to an infant's[1] father. Copies must also be delivered to the infant personally.[2] Since that was not done, the court did not acquire jurisdiction over petitioner.[3]

■ In resisting petitioner's motion to quash service of the summons and complaint in the court below, respondent's counsel had argued that personal service on petitioner was unnecessary since he was over the age of fourteen years. Reliance was placed upon the third subdivision of Section 55–4–6 A.C.L.A.1949 which stated that if an action was against "a minor under the age of fourteen years" copies of the summons and complaint were to be delivered "to such minor personally, and also to his father, mother, or guardian * * *." It appears from the record that the judge was not advised that Section 55–4–6 had been superseded by Civ.R. 4 when this court, in the exercise of its constitutional rule-making power, made and promulgated the Rules of Civil Procedure for the state courts. Those rules became effective on February 20, 1960 when the superior and magistrate courts assumed their jurisdiction, and Civ.R. 87 specifically mentioned Section 55–4–6 as being considered superseded by the rules.[4] The requirement for delivering copies of the summons and complaint to an infant under Civ.R. 4(d) (2) is not contingent upon the infant's age.

■ The order of the superior court denying the motion to quash service of process ignored the plain, unambiguous requirements of Civ.R. 4(d) (2) and to this extent was a departure from prescribed procedure. Since it is clear that the court lacks jurisdiction over petitioner, it would involve needless expense to require the parties to go to trial when any judgment that might be rendered against petitioner would be void. For this reason we have determined that the question presented should be reviewed now, rather than on an appeal from a final judgment.[5]

The order denying petitioner's motion to quash service of the summons is reversed.

1. The rule uses the term "infant" which, like the more familiar term "minor", refers to one who has not reached the legal age of majority. Audsley v. Hale, 303 Mo. 451, 261 S.W. 117, 123 (1924); State v. Grebe, 249 S.W.2d 468, 471 (Mo.App. 1952). In Alaska a person is considered to have arrived at majority at the age of 19 years. AS 25.20.010.

2. Civ.R. 4(d) (2) provided that service shall be made "Upon an infant, by delivering a copy of the summons and complaint to such infant personally, and also to his father, mother or guardian, or if there be none within the state, then to any person having the care or control of such infant, or with whom he resides, or in whose service he is employed; or if service cannot be made upon any of them, then as provided by order of the court."

3. Whether service upon petitioner outside of Alaska, as under some provision of Civ.R. 4(e), would have been valid service is not an issue in this case since it does not appear that any such service was attempted.

4. Civ.R. 87 has since been revised and now appears as Civ.R. 93. Effective January 1, 1963, § 55–4–6 was repealed. S.L.A.1962, ch. 101, § 31.02.

5. The considerations governing review of interlocutory orders are stated in Supreme Ct.R. 24 as follows: "A review shall not be a matter of right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; or (3) where the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative tribunal, as to call for this court's power of supervision and review."