**942**

Grace LOWE, Appellant,

v.

Walter and Lucille SENIOR, Appellees.

No. 282.

Supreme Court of Alaska.

Oct. 16, 1963.

Grace Lowe, in pro. per.

No appearance for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is an action in which the plaintiff as seller under a written contract for the sale of real property is suing to recover the balance of the purchase price from the defendants, who are assignees of the original purchasers and are charged with being in default under the terms of the contract. The defendants answered that by the very terms of the contract any default on their part has terminated the contract and relieved them of any further liability thereunder, and that the seller had repossessed the property.

At the conclusion of a trial by the court without a jury, the trial judge delivered an oral opinion in which he intimated that he intended to find for the defendant. We gather as much from the following remarks appearing in his oral opinion:

> Neither party really, has a right to too good a claim here, except to be placed back as nearly as possible, status quo, and I think this is the fair thing to do.
>
> I am going to have to think about the matter of the costs of the defendant as claimed. My present inclination is to just square right across the board, but that may not be fair to the defendant, I don't know.

So that is my finding in this matter, and I will reserve the matter of these costs. * * * I am going to study it so far as that's concerned, and I'll try to bring in an Order as soon as I can so if either side decides that they wish the inspired direction of an Appellate Court to review this case, why they may avail themself accordingly at the minimum amount of time. * * *

Several days later the trial judge made and filed the following order:

IT IS HEREBY ORDERED That the plaintiff shall be assessed attorney fees in the amount of Two Hundred Fifty Dollars ($250.00) in favor of the defendants. Let the defendants draw findings of fact, conclusions of law and decree not inconsistent with the oral findings and this written memorandum.

The record before us does not disclose any direction to the clerk of the trial court to enter a judgment in this case, and the clerk's civil docket does not contain any notation of such a judgment. Nor does it appear that formal findings of fact, conclusions of law and judgment were ever prepared and filed below. Nevertheless, the plaintiff, who appeared in propria persona here and in the trial court, proceeded to perfect an appeal as though a judgment had been entered in favor of the defendants.

Civ.R. 52(a) provides, in part, that in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of an appropriate judgment; and, if an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Then in Civ.R. 58 it is further provided that

"When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 74 [1] constitutes the entry of the judgment; and the judgment is not effective before such entry. * * *"

Lastly, Supreme Ct.R. 6 specifies that an appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof.

From the foregoing it is apparent that in this case there has been no such compliance below with the rules of procedure and practice, which pertain to the matter before us, as would afford to the plaintiff a just, speedy and inexpensive determination of her action. In spite of the fact that the plaintiff pointed out to the trial judge his failure to comply with the dictates of R. 52(a) in a motion for a new trial after the entry of the court's order directing the defendants to draw findings, conclusions and judgment, no adequate findings were ever provided. Moreover, the trial judge never rendered a definitive judgment in the form of either an oral opinion [2] or a formal written judgment. And, no notation of any kind of judgment

1. Civ.R. 74 pertains to the books and records kept by the clerk of the superior court and provides in subdivision (a) thereof that all verdicts and judgments shall be noted chronologically in the civil docket.
2. The fact that no formal written judgment was made by court after it rendered its oral opinion would not necessarily have deprived the oral opinion of having the effect of a judgment if the court had clearly intended the opinion to be its final act in adjudicating or disposing of the matter before it. See In re Mountain View Pub. Util. Dist. No. 1, 359 P. 2d 951, 954 (Alaska 1961).

was ever entered by the clerk in the civil docket, nor does it appear that the trial judge directed the clerk to so enter a judgment in the civil docket. Under these circumstances, there simply is no final judgment from which an appeal may be taken and we would ordinarily have no choice except to dismiss the appeal.

However, we do not propose to turn away the plaintiff without some relief. For us to say to her that the appeal is dismissed as premature and that she must start over again as by filing a petition for review, were such procedure still timely, would be to put her to unnecessary delay and expense. Furthermore, the failure of the trial court to provide findings of fact and conclusions of law and its failure to enter a judgment constituted such a departure from the procedure provided by Civ.R. 52(a) and 58 as to justify this court to exercise its power of supervision and review. So, in the interests of justice and to prevent hardship, this court upon its own motion will treat the appeal as a petition for review as it did in the case of Stokes v. Van Seventer.[3]

We hold that the trial court was remiss in the performance of the duties required of it by the civil rules above mentioned. Therefore, we remand the case with directions to the court below to provide findings of fact and conclusions of law and to enter judgment in order that this court, as well as the parties, may have a clear understanding of what the trial court's decision is and the basis for the decision.[4]

· So ordered.

3. 355 P.2d 594 (Alaska 1960). See also Miller v. Atkinson, 365 P.2d 550 (Alaska 1961); Hartwell v. Cooper, Opinion No. 140, 380 P.2d 591 (Alaska 1963).
4. See Dickerson v. Geiermann, 368 P.2d 217 (Alaska 1962), in which we held that it is the duty of the trial court to deal adequately with and state with clarity what

it finds as facts and what it holds as conclusions of law; that the findings and conclusions should be so explicit as to give the appellate court a clear understanding of the basis for the decision made; and that the court should disclose what the decision is. Note, Rogge v. Weaver, 368 P.2d 810, 814 & n. 7 (Alaska 1962).