**MONTGOMERY WARD, an Illinois corporation, Appellant.**

v.

**Charles C. THOMAS and Mae O. Thomas, Appellees.**

**No. 469.**

Supreme Court of Alaska.

Aug. 10, 1964.

R. J. Annis, Robertson, Monagle, Eastaugh & Annis, Juneau, for appellant.

Donald L. Craddick, Faulkner, Banfield, Boochever & Doogan, Juneau, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The sole question presented by this appeal is whether the denial of appellant's motion for a new trial was an abuse of discretion.

At the outset it should be understood that the policy of this court as stated in Ahlstrom v. Cummings[1] is that the granting or refusal of a request for a new trial rests in the sound discretion of the trial judge. This court will not overrule

---

1. Opinion No. 183, 388 P.2d 261 (Alaska 1964).

the trial judge in the exercise of his discretion except in exceptional circumstances and to prevent a miscarriage of justice.

■ The same general rule is applicable though the motion for new trial is based on newly discovered evidence, as the trial judge is in a better position to determine the possible effect and merit of the newly discovered evidence since he presided over the original trial and was familiar with all of the evidence presented.[2]

The appellant argued below and contends on appeal that his motion for new trial should have been granted in the interests of justice and on the ground of newly discovered evidence.

The controlling facts are that appellees purchased an electric generating plant from appellant which caught fire and destroyed considerable property. Appellees sued on the grounds of breach of warranty and negligence to recover the value of the property destroyed. Some time prior to trial the insurer of the manufacturer of the gasoline engine, which was a part of the generating plant, had caused its agent Kreger to inspect the premises of the fire and obtain a statement from appellees. The statement, among other things, set out the value of the various items of property destroyed. Approximately one week prior to trial, counsel for appellees gave a copy of this statement to counsel for appellant.

At trial the statement, which was signed by both appellees, was introduced into evidence. Counsel for appellant did not object to the introduction of the statement, but did object to its use to prove the damage sustained. After its introduction, which was during the direct examination of appellee Charles Thomas, Mr. Thomas attributed certain statements to Kreger which would indicate that Kreger agreed to and in fact helped to establish the value of many of the articles as set out in the statement.

Appellant objected to the testimony on the ground that Kreger was not a representative of appellant and was overruled. Appellant then objected on the ground that remarks attributed to Kreger were hearsay and should be excluded and was again overruled.

Trial was recessed for the remainder of the day at the request of counsel for appellant so that he could attempt to contact Kreger who was reputed to be living in Ketchikan. It appears that counsel waited until 8 a. m. the following morning before telephoning Ketchikan at which time he learned that Kreger no longer resided in Ketchikan, but in Seattle. Upon the reconvening of court later that morning, counsel did not advise the court of his inability to contact Kreger and did not ask for a continuance of the trial to attempt to contact him.

The jury returned a verdict in favor of appellees in the sum of $6,000. They had alleged $9,932.95 damages.

In support of its motion for a new trial on the ground of newly discovered evidence, appellant advised that it had, after the trial, located Kreger and obtained his affidavit in which he stated that he did not represent appellant in his investigation of the fire loss and

"That, at no time did he represent himself as an adjuster or representative on behalf of Montgomery Ward and that, he did not establish the value of the building and its contents other than to ask their age, original cost, and present value as claimed by Mr. and Mrs. Thomas."

Appellant argues that the testimony of appellee Charles Thomas at the trial, to the effect that the values of the various items in the statement were agreed to by an "ostensible representative" of appellant, was highly persuasive to the jury, to appellant's prejudice; that it was the equivalent of an actual admission by appellant and that it contained an implication of admission of liability by appellant, all of which would be controverted by the testimony of Kreger at a new trial.

2. Salinas v. State, 373 P.2d 512, 513 (Alaska 1962).

In State v. Salinas[3] we adopted for Alaska the rule of Pitts v. United States[4] by which to determine whether a new trial should be granted on the ground of newly discovered evidence. We later had occasion to apply the rule in Salinas v. State.[5] The same requirements must be met in determining whether a new trial should be granted in a civil case.[6]

These requirements are that the evidence: (1) must be such as would probably change the result on a new trial; (2) must have been discovered since the trial; (3) must be of such a nature that it could not have been discovered before trial by due diligence; (4) must be material; (5) must not be merely cumulative or impeaching.

In applying the above requirements to the facts of this case it becomes obvious that all of the requirements are not met.

According to appellant's memorandum Kreger would testify on a new trial that he was investigating the loss for Travellers Insurance Co.; that he did not represent Montgomery Ward and so advised appellees and that he did not agree with appellees as to the value of the articles destroyed. This testimony does not, in our opinion, create a probability that the jury would reach a different result on a retrial. It would be contradictory of parts of Charles Thomas' testimony, but that is the most that can be said in its favor.

Kreger's testimony does not satisfy requirement No. 3 in that it could have been discovered before trial. Counsel for appellant became aware on November 4, 1963 that Kreger had investigated the loss and had obtained a statement from appellees because counsel for appellees gave him a copy of the statement on that date. A full week was available before trial in which to contact Kreger and determine whether or not he could furnish material evidence as a witness.

Appellant argues that he should not be held to have anticipated that appellee Charles Thomas would take the stand and testify that he thought Kreger represented appellant and that he agreed with appellees as to certain values. The answer to this assertion is that appellant had available to him ample discovery tools to learn in advance of trial just what the testimony of Charles Thomas would be.

It follows from the above that the trial court did not abuse its discretion in denying appellant's motion for a new trial.

Judgment affirmed.

3. 362 P.2d 298, 301 (Alaska 1961).

4. 263 F.2d 808, 810 (9th Cir.), cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed. 2d 1535 (1959).

5. 373 P.2d 512, 514 (Alaska 1962).

6. Fairhaven Mining Co. v. Immachuck Dredging Co., 5 Alaska 462, 464–465 (D.Alaska 1916).