Robert J. SPARKS, d/b/a Arctic Leasing,
Appellant,

·v.

Chester W. WAKEFIELD and Howard Golli-
heair, d/b/a Fourth Avenue Garage,
Appellees.

No. 467.

Supreme Court of Alaska.

. Sept. 11, 1964.

John M. Savage, Clark & Savage, An-
chorage, for appellant.

Hugh G. Wade, Wade & Conway, An-
chorage, for appellees.

Before NESBETT, C. J., and DIMOND
and AREND, Justices.

DIMOND, Justice.

Appellant contends that the superior court erred in ordering dismissal of his appeal from the magistrate court for failure to comply with the provisions of Magistrate Civil Rule 13 pertaining to the filing of a cost bond on appeal.[1]

Appellant had filed a cost bond, but it was late. The bond was due to be filed no later than August 17, 1963, which was 30 days after entry of the magistrate court's judgment. The bond was not filed until September 18, 1963. On September 13 appellee Wakefield had moved that the appeal be dismissed for the reason that no cost bond had been filed, or in the alternative that appellant be ordered to file the bond. Later, appellee entered into a stipulation with appellant whereby appel-

---

1. Magis.Civ.R. 13 governs appeals from the magistrate court to the superior court. Subdivision (e) of that rule provides:

    "*Cost Bond on Appeal.* A bond on appeal shall be filed with the magistrate not later than 30 days after entry of the judgment appealed from. The bond shall be in an amount to be fixed by the magistrate. It shall have sufficient surety and shall be conditioned to secure the

payment of costs if the appeal is dismissed or the judgment affirmed, or such costs as the superior court may award if the judgment is modified. After a bond on appeal is filed, an appellee may by motion raise objections to the form or amount of the bond or to the sufficiency of the surety which shall be determined by the superior court. If a supersedeas bond is filed, no separate cost bond on appeal is required."

▆▆▆▆▆▆▆▆▆▆▆▆

lee waived his motion to dismiss the appeal. Appellant contends that since a cost bond is required for the protection of an appellee the filing of the bond may be waived by the appellee, that there was such a waiver in this case when appellee waived his motion to dismiss the appeal, and that the superior court erred in declining to recognize and be governed by such waiver.

▆▆▆▆▆▆ Appellee's attempted waiver of the requirements of Magistrate Civil Rule 13(e) was not binding upon the superior court.[2] It was the prerogative of that court, by reason of the discretionary authority given it by Magistrate Civil Rule 15(a)[3], to decide whether or not to allow

the late filing of the cost bond. By dismissing the appeal for failure to comply with the requirements of Magistrate Civil Rule 13(e), the court in effect determined in its discretion not to permit the bond to be filed late. As in other instances where the superior court's discretionary authority is exercised, we decline to interfere except in exceptional circumstances and to prevent a miscarriage of justice.[4] Appellant has made no effort to show that such circumstances exist here or that a failure of the superior court to entertain appellant's appeal from the magistrate court's judgment will result in a miscarriage of justice.

The judgment is affirmed.

---

2. Vogt v. Winbauer, 376 P.2d 1007, 1009 (Alaska 1962).

3. Magis.Civ.R. 15(a) provides:
   "*Failure to File or Insufficiency of Bond.* If a cost bond on appeal or supersedeas bond is not filed within 30 days after entry of the judgment appealed from, or if the bond filed is found insufficient,

application for leave to file any such bond may be made only in the superior court."

4. Montgomery Ward v. Thomas, Opinion No. 236, 394 P.2d 774 (Alaska 1964) (granting or refusal of request for new trial); Mitchell v. Knight, Opinion No. 241, 394 P.2d 892 (Alaska 1964) (ruling on challenge of juror for cause).