John R. McCALL, J. McCall Inc., and
Lundgren Pacific Construction
Company, Inc., Petitioners,

v.

John COATS, Respondent.

No. S–2761.

Supreme Court of Alaska.

July 14, 1989.

Rehearing Granted in Part and Opinion
Amended Sept. 7, 1989.

Constance Cates Ringstad, Call, Barrett & Burbank, Fairbanks, for petitioners.

Scott L. Taylor, Hoppner & Paskvan, P.C., Fairbanks, for respondent.

## OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

RABINOWITZ, Justice.

### I. *BACKGROUND.*

This case involves a petition for review of the superior court's order setting aside a judgment under Civil Rule 60(b) and granting a new trial.

The petitioners are Lundgren Pacific Construction Co., Inc. ("Lundgren"), J. McCall, Inc. ("McCall, Inc."), and John R. McCall ("McCall"). McCall owned stock in and was president of both Lundgren and McCall, Inc. McCall was also president of J. McCall, Ltd. ("McCall, Ltd."), a Canadian corporation registered in the Province of Manitoba. From January of 1978 through August of 1981 the respondent, John Coats ("Coats"), was employed by Lundgren and McCall, Inc., as general manager, vice president, and director. National Bank of Alas-

ka ("NBA") had loaned money to Lundgren and McCall, Inc., allegedly upon the condition that Lundgren and McCall, Inc., employ Coats.

After Coats' employment with Lundgren and McCall, Inc., was terminated, McCall allegedly discovered that Coats had competed with Lundgren and McCall, Inc., during his employment. Lundgren, McCall, Inc., and McCall subsequently filed suit, alleging that Coats had usurped corporate opportunities, diverted assets, and breached both his employment contract and his fiduciary duties to his employers. After trial by jury, petitioners obtained a judgment on January 7, 1988, in the amount of $325,851.69, plus attorney's fees and costs in the amount of $31,131.74.

In an effort to collect judgments it had previously been awarded against petitioners, NBA then served writs of execution and levies seeking to attach the $325,851.69 judgment petitioners had obtained against Coats.[1] Petitioners subsequently moved to postpone the execution sale for the purpose of establishing priorities between a claimed attorney's lien and NBA's attempted execution. In a memorandum accompanying the motion for postponement, it was disclosed for the first time that in December of 1983 petitioners had assigned in writing all their claims against Coats and NBA to McCall, Ltd. This assignment was made in exchange for (1) the forgiveness of past debts of Lundgren and McCall, Inc., (2) the payment of future legal expenses of Lundgren and McCall, Inc., and (3) the defense of McCall in any legal action against him by NBA.

On the basis of this revelation concerning the December 1983 assignment, Coats moved to set aside the January 7, 1988, judgment and to dismiss petitioners' claims against him with prejudice pursuant to Civil Rules 17(a), 60(b)(2), 60(b)(3), 60(b)(4) and 60(b)(6). After a hearing, the superior court vacated the January 7, 1988, judgment under Civil Rules 60(b)(2) and 60(b)(3) and, *sua sponte*, ordered a new trial under Civil Rule 59(e).

**1.** Prior to the entry of judgment which petitioners were granted against Coats, NBA had obtained four separate judgments against petition-

## II. *THE CENTRAL ISSUE: THE ASSIGNMENT.*

The central issue in this case is whether petitioners' failure to disclose the December 1983 assignment justifies setting aside the January 1988 judgment in favor of petitioners and ordering a new trial between petitioners (and/or McCall, Ltd.) and Coats.

Coats asserts that "[t]he failure to designate J. McCall, Ltd. as the proper plaintiff in this case can be construed as nothing less than an intentional and knowing attempt to circumvent the mandates of Alaska Civil Rule 17(a)," which provides:

*Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of [the] real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Coats further asserts that the concealment of the assignment "affected [his] substantial rights ... and deprived him of possible defenses to the claims," specifically: (1) McCall, Ltd.'s lack of standing or capacity to sue; (2) laches, because the trial had apparently been delayed while petitioners were in bankruptcy, whereas McCall, Ltd., was never in bankruptcy; and (3) the statute of limitations. Coats also asserts that petitioners and their counsel had perpetrated a fraud on the court. Consequently,

ers in the amounts of $37,739.03, $1,848.94, $1,353,040.67, and $326,212.60.

Coats urges this court to affirm the superior court's vacation of the judgment under Rules 60(b)(2) and 60(b)(3), the provisions for relief from a final judgment because of newly discovered evidence and fraud, respectively. As to the superior court's *sua sponte* grant of a new trial under Rule 59(e),[2] Coats asserts that "Judge Blair was more than generous ... and any error committed by the trial court was in favor of J. McCall, Ltd."[3]

In contrast, petitioners argue that the superior court abused its discretion in setting aside the judgment. They dispute that the assignment constituted newly discovered evidence, or that its nondisclosure fraudulently deprived Coats of any defenses or constituted a "fraud upon the court."

## III. THE SUPERIOR COURT ERRED IN VACATING THE JUDGMENT UNDER RULE 60(b)(2).

Rule 60(b)(2) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

The standard of review for the setting aside of a judgment under Rule 60(b) is abuse of discretion. *Grothe v. Olafson,* 659 P.2d 602, 611 (Alaska 1983) (reversal justified if trial court clearly mistaken); *Nordin Constr. Co. v. City of Nome,* 489 P.2d 455, 472 (Alaska 1971).

The elements required to set aside a judgment under Rule 60(b)(2) were set forth in *Montgomery Ward v. Thomas,* 394 P.2d 774 (Alaska 1964):

[T]he evidence:

(1) must be such as would probably change the result on a new trial;

(2) must have been discovered since the trial;

(3) must be of such a nature that it could not have been discovered before trial by due diligence;

(4) must be material;

(5) must not be merely cumulative or impeaching.

*Id.* at 776, *quoted in Grothe,* 659 P.2d at 610.

■ Petitioners contest every one of these elements. Coats argues that elements 1, 2, 3, and 4 are clearly met. As to element 5, Coats argues (a) that the assignment is not merely impeaching because the trial was essentially a "swearing contest" between McCall and Coats; (b) that this court should defer to the superior court's opinion on the matter; and (c) that even if the assignment were merely impeachment evidence, it was clearly material because it affects McCall, Ltd.'s status as a real party in interest and standing and capacity to sue.

We agree with Coats that elements 2, 3, and 4 are met. Disclosure of the assignment was after trial; Coats exercised due diligence; and the nondisclosure was material (at least as to McCall's credibility). On the other hand our review of the record persuades us that evidence of the assignment was merely impeaching evidence as to McCall's credibility, and thus the superior court erred in setting aside the judgment on the basis of Rule 60(b)(2).[4] Furthermore the superior court did not find that disclosure of the assignment would "probably change" the result on a new trial.[5]

2. Civil Rule 59(e) states:

*On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify the grounds therefor.

3. Coats also argues that petitioners "have not shown, argued, or even claimed that the trial

court erred in granting a new trial," and that, presumably, this court should not address the issue.

4. At oral argument, counsel for Coats stated that even if he had known about the assignment at trial he was not sure that he would have questioned McCall regarding the assignment.

5. The superior court found that nondisclosure of the assignment "may have materially affected the outcome of the trial," and that disclosure would have "increased substantially" "Coats' probability of success at trial." However, the

## IV. THE SUPERIOR COURT ERRED IN VACATING THE JUDGMENT UNDER RULE 60(b)(3).

■ Rule 60(b)(3) provides that a party may be relieved from a judgment for the "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

"Requirements" for relief under Rule 60(b)(3) are catalogued in the frequently cited case of *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir.1978):

> One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. Although Rule 60(b)(3) applies to misconduct in withholding information called for by discovery, it does not require that the information withheld be of such nature as to alter the result in the case. This subsection of the rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.

*Id.* at 1339 (citations and footnote omitted). Review of the record discloses that Coats failed to show that the nondisclosure "prevented [him] from fully and fairly presenting his case or defense." *Id.*[6] Nondisclosure of the assignment had little bearing on the merits of the case. As noted previously, the assignment was material to the issue of McCall's credibility, but its disclosure would not have probably changed the result on a new trial. The only difference is that McCall, Ltd., would have been substituted as the real party in interest and therefore would have been subject to costs and attorney's fees had it lost at trial.

## V. AN APPROPRIATE SANCTION FOR PETITIONERS' VIOLATION OF CIVIL RULE 17(a).

■ In its findings of fact which were entered in conjunction with Coats' Rule 60(b) motion to set aside the judgment, the superior court found in part that:

> 3. The assignment which John McCall, J. McCall, Inc. and Lundgren Pacific Construction Company, Inc. now assert to defeat National Bank of Alaska's attachment is clearly designed to allow a recovery against Coats without having to pay National Bank of Alaska. It is a hidden assignment, to be disclosed only if McCall and his corporations won against Coats. If McCall had lost, the judgment for costs and attorney's fees in favor of Coats would be uncollectible because there would never have been any indication that J. McCall, Ltd. was the real party in interest.
>
> 4. From the evidence put before this court, it appears that John R. McCall actively concealed the assignment mentioned above....
>
> ... The actions of John R. McCall are plainly inequitable and prejudicial and it would be improper and unjust to allow him or his corporations to benefit from such actions.

Although we have concluded that the superior court erred in setting aside the judgment on the basis of Rules 60(b)(2) and 60(b)(3), and in awarding a new trial pursuant to Rule 59(e), we think that an appropriate sanction for petitioners' concealment of the assignment is to vacate the superior

---

court did not find, nor do we believe, that the undisclosed evidence would probably have resulted in a different verdict if presented to the jury. *See State v. Alaska Continental Dev. Corp.*, 630 P.2d 977, 992 (Alaska 1980) (judgment not vacated under Rule 60 where new evidence merely impeaching); *National Bank of Alaska v. McHugh*, 416 P.2d 239, 244–45 (Alaska 1966) (difference between appellee's testimony and third party's affidavit deemed "hardly material"); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.23 (1987 & Cum.Supp.1988–89).

**6.** In connection with other subsections of Rule 60(b), this requirement has been expressed in Alaska case law as the "meritorious defense" requirement:

> In order to justify relief under Civil Rule 60(b) a meritorious defense to the matter on which the judgment or order rests must typically be presented. *Balchen v. Balchen*, 566 P.2d 1324, 1328 (Alaska 1977); *Markland v. City of Fairbanks*, 513 P.2d 658, 660 (Alaska 1973).

*Pew v. Foster*, 660 P.2d 447, 448 (Alaska 1983).

court's award of costs and attorney's fees which it entered against Coats in favor of petitioners. The superior court found that if petitioners had lost, the judgment for costs and attorney's fees in favor of Coats would have been uncollectible because of the inequitable conduct on McCall's part in actively concealing the fact of the assignment. Given this finding, we conclude that in this instance it would be inequitable to allow petitioners to retain any judgment for costs or attorney's fees against Coats.

## VI. *STANDING*

Coats asserts that Lundgren, McCall, and McCall, Inc. lack standing to bring this petition for review because they are not real parties in interest and therefore not aggrieved parties as provided in Appellate Rule 402(a)(1). We are not persuaded by Coats' arguments. Lundgren, McCall, and McCall, Inc. petitioned this court seeking reinstatement of the January 7, 1988 judgment issued in their names. The superior court did not require joinder or substitution of McCall, Ltd. despite its knowledge of the assignment and the parties' arguments regarding its validity. Given the only way to obtain appellate review of the superior court's grant of a new trial is to grant the petition, we hold that "aggrieved party" encompasses Lundgren, McCall, and McCall, Inc. *See Hartwell v. Cooper*, 380 P.2d 591 (Alaska 1963).

REVERSED and REMANDED with instructions to modify the judgment by vacating and striking the award of costs and attorney's fees to petitioners.