NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LEO BLAS, | ) | |
| | ) | Supreme Court No. S-16933 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-14-04595 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| BANK OF AMERICA N.A., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1716 – March 13, 2019 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Leo Blas, pro se, Chugiak, Appellant. Michael Seville, Burr, Pease & Kurtz, Anchorage, and Andrea M. Hicks, Bryan Cave Leighton Paisner LLP, Denver, Colorado, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

In 2010 Leo Blas, a homeowner, defaulted on his home loan payments and filed a lawsuit to bar non-judicial foreclosure.[1] After the case was settled and the parties entered into a modification agreement, Blas again defaulted on his payments, the bank

---

\* Entered under Alaska Appellate Rule 214.

[1] *Blas v. Bank of Am. N.A.*, No. S-16174, 2017 WL 1379317, at \*1 (Alaska Apr. 12, 2017).

again initiated non-judicial foreclosure proceedings, and Blas filed a second lawsuit.[2] The superior court granted summary judgment in favor of the bank, and in April 2017 we affirmed.[3] We held that "[t]he superior court did not err by finding that Bank of America has authority to bring the foreclosure action against Blas"; that "Bank of America is explicitly listed as the beneficiary of [Blas's] deed of trust, and it is permitted to act on Fannie Mae's behalf";[4] and that the superior court did not err by granting summary judgment on the remainder of Blas's claims — including his claims for (1) intent to defraud, (2) failing to act as a fiduciary, and (3) Fourteenth Amendment and due process violations.[5]

In October 2017 Blas filed an Alaska Civil Rule 60(b) motion for relief from judgment, arguing there was new evidence showing that a fraudulent illegal endorsement of his mortgage note had occurred. The motion stated in relevant part: "The plaintiff . . . is moving to vacate the judgment in this case Per Rule 60(b)(3) based on the new evidence (enclosed) of intrinsic fraudulent endorsement of the mortgage note on [his] home which [Bank of America] admitted not to own in pleadings and which is directly related to this case." The motion further explained that the "falsified and fraudulent endorsement was just perpetrated and produced (admittedly) by the same defendant . . . as evidence in their attempt to avoid justice using false 'Res Judicata' misrepresentations in a 2017 case." The superior court denied the motion.

Under Rule 60(b) a court may set aside a judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to

---

[2]  *Id.*

[3]  *Id.* at *7.

[4]  *Id.* at *5.

[5]  *Id.* at *7.

move for a new trial under Rule 59(b)" or "fraud[,] . . . misrepresentation, or other misconduct."[6]  For a judgment to be set aside under Rule 60(b)(3), Blas "has the burden of proving [fraud] by clear and convincing evidence."[7]  For a judgment to be set aside under Rule 60(b)(2), the evidence must (1) "be such as would probably change the result on a new trial," (2) "have been discovered since the trial," (3) "be of such a nature that it could not have been discovered before trial by due diligence," (4) "be material," and (5) "not be merely cumulative or impeaching."[8]

Contrary to his statement in his motion, Blas attached no new evidence to his motion for relief from judgment.  Not until his reply to the bank's opposition to his motion did he provide the superior court with any evidence, which consisted solely of copies of three different versions of the signature page of his mortgage note.  Courts will not consider new points or evidence first provided in reply briefs.[9]  Regardless, we have considered this "new" evidence and perceive nothing to suggest that it was fraudulent or a misrepresentation, and Blas has made no showing it could not have been discovered previously.

We "will not overturn the superior court's denial of a Rule 60(b) motion absent an abuse of discretion."[10]  We have carefully considered Blas's arguments and the

---

[6]     Alaska R. Civ. P. 60(b)(2), (3).

[7]     *McCall v. Coats*, 777 P.2d 655, 658 (Alaska 1989) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

[8]     *Id.* at 657 (quoting *Montgomery Ward v. Thomas*, 394 P.2d 774, 776 (Alaska 1964)).

[9]     *Willoya v. State, Dep't of Corr.*, 53 P.3d 1115, 1125 (Alaska 2002).

[10]     *Dewey v. Dewey*, 886 P.2d 623, 626 (Alaska 1994).

record as it is before us.  We discern no abuse of discretion by the superior court, and we AFFIRM the superior court's denial of Blas's motion for relief from judgment.