**Darrel Eugene DUNBAR, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1920.**

Supreme Court of Alaska.

May 13, 1974.

Thomas F. Keever, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., James M. Hackett, Asst. Dist. Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, ERWIN and BOOCHEVER, JJ., and DIMOND, J. Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

A jury found appellant guilty of the crime of incest, and he was sentenced to five years imprisonment. His sixteen-year-old daughter, Judy, testified that appellant had had sexual intercourse with her on several occasions. Her brother, David, age fifteen, testified that he observed appellant and Judy engaging in sexual relations on a specific date, and that his mother had told him some time before that this incestuous relationship existed.

Judy and her eighteen-year-old sister, Gloria, slept in bunk beds with Gloria in the lower portion. Gloria testified that one night she got out of bed and saw appellant, clothed only in a T-shirt, sitting on top of Judy in her bed. Judy was whining, appellant was playing with her breasts, and the bed "shook" after Gloria went back to bed on orders from appellant. Gloria also observed on another occasion appellant kneeling on the floor with his hand between Judy's legs, and said that Judy was whining. The incidents Gloria testified to were not those charged in the indictment.

Appellant moved for a new trial based on newly discovered evidence.[1] Such evidence consisted principally of the affida-

---

1. Crim. Rule 33 provides in part:
   The court may grant a new trial to a defendant if required in the interest of justice * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment . . .

vits of Judy and David, stating that they had lied at the trial about the incestuous relationship between appellant and Judy. In addition, Gloria filed an affidavit where she stated: "I don't remember how much of what I testified to was what I could remember and how much was what was told to me by the people who were quizzing me." The judge who presided at the trial of the case denied the motion and appellant has appealed.

█ A motion for a new trial based on newly discovered evidence must meet certain requirements.[2] The one we are concerned with here is whether such evidence, consisting of post-conviction retractions of testimony given at the trial, is such as would probably produce an acquittal at a new trial.

Gloria's affidavit is of little assistance to appellant. Although she said she testified against appellant because she was angry at him for not having written to her when she was away, she also states, in essence, that she cannot now remember how much of what she testified to at the trial was what she actually saw and heard. In addition, she stated that she suffered from epilepsy and was taking dilantin and phenobarbital and that this interfered with her memory.

Judy's and David's affidavits are in a somewhat different category. They were the only witnesses to the events alleged in the indictment. They gave direct retractions of their testimony in court, without any failure of memory as in Gloria's case. Both say now that the statements they made at appellant's trial were lies. Judy's reason for lying was that she was seeking freedom from appellant's control. David gave as his reasons for not telling the truth that he was angry at his father for not having written to him when he was away from home, and for restricting Judy for a period of about two years, and that he desired to help Judy escape from appellant's stringent restrictions. If, without more, what Judy and David say now is to be believed, and their trial testimony disbelieved, there is little doubt that a new trial would produce an acquittal.

█ But the matter is not that simple. The mere fact that the credibility of vital witnesses is called into question by post-trial recantations does not necessarily mean there must be a new trial.[3] The judge must consider the recantations as against the trial testimony of the witnesses involved, as well as other evidence developed at the trial. He must then exercise a sound discretion in deciding whether a new trial should be ordered.[4]

Here there are several factors the judge had to take into consideration. Judy testified that appellant had had sexual relations with her not only at the times alleged in the indictment, but also on other occasions. She stated that appellant started such relations with her in 1969 when she was fourteen and one-half years old, and that since November 1970 these acts took place about once a week on Saturdays.

There was also Judy's motive for testifying against her father. She said in her post-trial affidavit that she had lied at the trial in order to seek freedom from appellant's restrictive control. But Judy also wrote a letter to appellant's counsel stating that she did not want to see her father go to jail and wanted to drop charges, that her father had incurred great legal expense

---

2. Those requirements are:
   (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal.
   Salinas v. State, 373 P.2d 512, 514 (Alaska 1962); Rank v. State, 382 P.2d 760–761 (Alaska 1963).

3. Johnson v. State, 501 P.2d 762, 765–766 (Alaska 1972).

4. *Id.* at 766.

and could afford no more, that she wanted to reunite her father and David, that she was pregnant and would not enjoy having her baby if it had no grandfather to love it, and tha' she thought her father had "paid" enough. This might cast some doubt on the veracity of Judy's recantation of her trial testimony. The judge may have felt that at a new trial a jury could believe that Judy's recantation was made falsely in order to preserve the family unity and keep her father from being imprisoned.

In considering recantation of trial testimony, particularly in sex crimes, there is no hard and fast rule from which it can be determined whether a new trial is called for. There are a considerable number of cases on this subject, but the most that can be gathered from them is that each case depends upon its own particular facts.[5]

The decision we must make in this case is whether the judge was within the bounds of the discretion vested in him in holding that the newly discovered evidence —the recantations of the principal witnesses—was not such as would probably produce an acquittal at a new trial. In short, we must determine whether there was an abuse of discretion, that is, whether the probable reasons for the exercise of the judge's discretion were clearly untenable or unreasonable.[6]

But on this record, we find it extremely difficult to make such a decision. The judge apparently considered the recanting affidavit and Judy's letter to her attorney, and then simply denied the motion for a new trial without more. He did not conduct an evidentiary hearing at which the recanting witnesses' statements would be tested by cross-examination and where their demeanor could be observed. He made no findings of facts—he gave no reasons for the grounds of his decision to deny a new trial.

 With such a sparse record we simply cannot decide whether there was an abuse of discretion or not. The case will have to be remanded for an evidentiary hearing at which Judy, David and Gloria should be called to testify and be examined regarding their recanting affidavits in contrast to their trial testimony. This should be followed by a reasonably detailed statement of reasons by the judge for his decision to either grant or deny the motion for a new trial.[7]

The order denying the motion for a new trial is reversed and the case is remanded for further proceedings in accordance with the views expressed in this opinion.

FITZGERALD, J., not participating.

---

5. *See* Annot., "Recantation by Prosecuting Witness in Sex Crime as Ground for New Trial", 51 A.L.R.3d 907 (1973).

6. Lewis v. State, 469 P.2d 689, 695 (Alaska 1970).

7. While we require an evidentiary hearing in the context of this case, we do not imply that a hearing is necessary in all instances of recantation.