Roderick **GONZALES**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–69.

Court of Appeals of Alaska.

Nov. 15, 1984.

Arthur S. Robinson, Robinson & Beiswenger, Soldotna, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

---

## OPINION

BRYNER, Chief Judge.

Roderick Gonzales was convicted after a jury trial of failing to render assistance following an accident resulting in injury. AS 28.35.060. The conviction stemmed from a hit and run collision that occurred in Homer around midnight on March 21, 1981. At trial Gonzales unsuccessfully asserted a defense of mistaken identity. Upon conviction Gonzales appealed to this court; we affirmed the conviction. *Gonzales v. State*, Memorandum Opinion and Judgment No. 280 (Alaska App., January 26, 1983).

After his appeal had been decided, Gonzales filed a motion in the superior court seeking a new trial on the grounds of newly discovered evidence. *See* Alaska R.Crim.P. 33.[1] Superior Court Judge Ralph E. Moody denied Gonzales' motion. Gonzales appeals, contending that the denial of the motion for a new trial was error. We affirm.

Gonzales' motion for a new trial was based principally upon the affidavit of Van Travelstead, an Alaska prisoner who is incarcerated on charges unrelated to the present case. Gonzales was apparently contacted in jail by Travelstead when Gonzales was serving his sentence in the present case. Travelstead informed Gonzales that he (Travelstead) actually committed the hit and run offense for which Gonzales had been convicted. Travelstead subsequently executed an affidavit in which he claimed responsibility for the offense and indicated his willingness to testify on behalf of Gonzales.

In moving for a new trial, Gonzales supplemented Travelstead's affidavit with affidavits from several other individuals; these affidavits tended to corroborate Travelstead's credibility. After considering all of the evidence presented in support of Gon-

zales' motion, however, Judge Moody concluded that Travelstead's confession lacked credibility and would not produce an acquittal. Judge Moody stated, in relevant part:

> There is absolutely no merit to this. This is a classic case of a con confessing to something that doesn't even meet any of the requirements of the rule [Criminal Rule 33] .... Everything here indicates that if this occurred at all, and I'm doubtful it occurred at all, then the situation was undoubtedly another accident and another party, the vehicle isn't the same (inaudible)....

On appeal, Gonzales challenges Judge Moody's conclusion and argues that his motion for a new trial should have been granted.

It is well settled that a motion for a new trial is addressed to the sound discretion of the trial court, whose decision is subject to reversal on appeal only if an abuse of discretion occurs—that is, if the trial court's decision is clearly untenable or unreasonable. *Nygren v. State*, 616 P.2d 20, 22 (Alaska 1980); *Dunbar v. State*, 522 P.2d 158, 160 n. 2 (Alaska 1974), *aff'd after remand*, 555 P.2d 548 (Alaska 1976); *Lewis v. State*, 469 P.2d 689, 695 (Alaska 1970). In determining whether to grant a new trial on the grounds of newly discovered evidence, the trial court is required to examine five criteria:

> A motion for a new trial based on the ground of newly discovered evidence has to meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, *i.e.*, discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such

---

1. Alaska R.Crim.P. 33 provides, in relevant part:
   The court may grant a new trial to a defendant if required in the interest of justice.... A motion for a new trial based on the ground of

newly discovered evidence may be made only before or within two years after final judgment ....

as, on a new trial, would probably produce an acquittal.

*Salinas v. State,* 373 P.2d 512, 514 (Alaska 1962), *quoting Pitts v. United States,* 263 F.2d 808, 810 (9th Cir.), *cert. denied,* 360 U.S. 919, 796 S.Ct. 1438, 3 L.Ed.2d 1535 (1959). *Accord, Dorman v. State,* 622 P.2d 448, 456 (Alaska 1981); *Dunbar v. State,* 522 P.2d at 159 n. 2.

■ The only dispute in the present case is whether the new evidence relied on by Gonzales would probably result in an acquittal.[2] Gonzales argues that Travelstead's affidavit, if believed by a jury, would result in an acquittal. He thus asserts that it was error for Judge Moody to reject the evidence and deny a new trial. Gonzales' argument, however, misperceives the role of the trial court in applying the standard for a new trial. In deciding whether Gonzales' newly discovered evidence would be likely to produce an acquittal, Judge Moody was not, as Gonzales suggests, required to assume that the evidence would be accepted by a jury if a new trial were granted. Rather, it was within the purview of Judge Moody's duty and within the scope of his discretion to assess the credibility of the newly discovered evidence and to decide the probable impact of that evidence based on his view of its credibility. *See Johnson v. State,* 501 P.2d 762, 766 (Alaska 1972). Having reviewed the record, we cannot conclude that Judge Moody abused his discretion in finding that Travelstead's proposed testimony was not credible and would be unlikely to produce an acquittal.[3]

The superior court's order denying Gonzales' motion for a new trial is AFFIRMED.

2. The state concedes that the evidence offered by Gonzales arguably met the first four requirements for a new trial based on newly discovered evidence. Accordingly, only the fifth requirement is disputed.

3. Travelstead was not called to testify, and Judge Moody's assessment of Travelstead's credibility was based on the affidavits submitted by

Gonzales. In bringing this appeal, Gonzales did not argue that Judge Moody erred in failing to conduct a hearing for the purpose of receiving live testimony from Travelstead before he rejected Travelstead's confession. Since this issue has not been raised, we do not address it. *See Howard v. State,* 491 P.2d 154 (Alaska 1971).