**STATE of Minnesota, Respondent,**

v.

**David Jay WALKER, Appellant.**

Nos. C8–83–472, C4–83–808.

Supreme Court of Minnesota.

Dec. 7, 1984.

Rehearing Denied Jan. 7, 1985.

Carol Grant, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman Jr., Paul R. Kempainen, Asst. Attys. Gen., St. Paul, John Carlson, Pine County Atty., Pine City, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of nine counts of criminal sexual conduct and intrafamilial sexual abuse based on evidence that he had sexual contact at various times with two different victims, one 9 years old and one 17 years old. The trial court sentenced defendant to two concurrent 21-month prison terms for the two intrafamilial sexual abuse counts, and one concurrent 5-year sentence, and one concurrent 1 year and 1 day sentence, for the criminal sexual abuse counts, departing dispositionally by executing the sentence. Following sentencing, defendant retained the services of a new attorney, who petitioned for postconviction relief claiming that defendant was entitled to a new trial because his trial attorney failed to represent him effectively and because one of the victims recanted after the trial. The postconviction court denied the petition and also denied a subsequently-filed petition for resentencing. The court stayed execution of defendant's sentence pending this appeal. On appeal, defendant seeks (1) an outright reversal on the ground that the evidence of his guilt was legally insufficient, (2) a new trial because of the alleged ineffective representation by his trial attorney and because of the recantation, or (3) resentencing to stayed terms. We affirm.

1. Contrary to defendant's contention, the evidence of his guilt was sufficient. The trial testimony of the two victims of the charged offenses was positive and was strongly corroborated by other evidence, including properly-admitted testimony by a third victim of sexual abuse by defendant.

2. Neither is defendant entitled to a new trial. (a) The record on appeal does not compel the conclusion that defendant's trial attorney failed to represent him effectively. *White v. State,* 309 Minn. 476, 248 N.W.2d 281 (1976). (b) The general rule is that a court should not grant a new trial on the basis of recanted trial testimony unless the court is reasonably certain that the recantation is genuine. *State v. Caldwell,* 322 N.W.2d 574, 585 n. 7 (Minn. 1982). The recantation by the older of the two victims of the charged offenses was made under highly suspicious circumstances, the victim having been subjected to considerable pressure from others, including her mother, to recant.

3. Defendant's final contention is that the trial court erred in executing the presumptively-stayed sentences. We hold that the dispositional departure was justified by evidence (in the form of testimony by the psychologist who examined defend-

ant) of defendant's particular unamenability to treatment.

Affirmed.