Forrest AHVAKANA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2184.

Court of Appeals of Alaska.

Feb. 10, 1989.

Robert M. Beconovich, Fairbanks, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Forrest Ahvakana was convicted, following a jury trial, of robbery in the first degree, AS 11.41.500(a), a class A felony. Following this conviction, Ahvakana moved for a new trial based on newly discovered evidence. Ahvakana's newly discovered evidence was that his codefendant, Fred Tuckfield, had made statements recanting his trial testimony against Ahvakana. Superior Court Judge Michael I. Jeffery held a hearing. At this hearing, Tuckfield reaffirmed his trial testimony. Judge Jeffery denied the motion for a new trial. Ahvakana now seeks reversal of that denial. We affirm.

On October 27, 1986, during the early morning hours, Belva Kignak attended a party at a private residence in Barrow. Among those present were Fred Tuckfield and Forrest Ahvakana. A little before 4:30 a.m., Belva Kignak and a girlfriend, Lucy Arey, left the party and started walking toward the Airport Inn to call a cab to take them home.

Arey went inside to call the cab. While Kignak was standing outside on the street by herself, two men drove by on a red-colored Honda three-wheeler. The two men attempted to snatch Kignak's backpack off her back as they drove by, but she fought them off. The men turned the three-wheeler around and drove back to where Kignak was standing. This time one of the men told her that he had a gun. Because Kignak was afraid that the men actually had a gun and might use it on her, Kignak let them have her backpack. The man who said he had a gun also hit her on the left eye, causing her to fall and break her glasses. Kignak was able to recognize both of her assailants; she recognized Fred Tuckfield by sight and she recognized Forrest Ahvakana, whose face was concealed by a ski mask, by his voice.

Officer David Real arrived at the scene at 4:30 a.m. He found Kignak was still

lying on the ground; she had blood on her face and clothes, a cut on her face and a swollen lip. Kignak was crying and appeared to be in pain. She told the officer that two men on a three-wheeler took her backpack, struck her on the face, and threatened her. Officer Real transported her to the hospital, where she collapsed.

Later that morning, Kignak's backpack, minus the cash it had contained, was found on the ground near a pump station.

At 1:00 p.m. that same day, Fred Tuckfield turned himself in at the police station. Tuckfield initially denied that he had been involved in the robbery of Belva Kignak, but eventually confessed that he and Forrest Ahvakana had committed the crime.

Tuckfield and Ahvakana were charged with robbery in the first degree. A.S. 11.-41.500(a). Tuckfield pled no contest to robbery in the second degree in exchange for his truthful testimony at Ahvakana's trial.

At trial, Ahvakana presented an alibi defense. Two of his elderly relatives testified that he had been at home asleep at the time of the robbery. Ahvakana also attempted to show that Fred Tuckfield was wrongfully accusing Ahvakana to protect his cousin, Paul Tuckfield. Two inmates from the Fairbanks Correctional Center, Barry Shapiro and Russell Toppings, testified that Fred Tuckfield had told them that he had lied when he told police that Ahvakana was the other person who had robbed Kignak. The jury rejected Ahvakana's defense and found him guilty as charged.

After both Tuckfield and Ahvakana had been returned to the Fairbanks Correctional Center, Tuckfield told Ahvakana and other inmates that he had testified untruthfully at Ahvakana's trial about Ahvakana's participation in the offense. At Ahvakana's urging, Tuckfield also told Ahvakana's trial attorney that he had testified untruthfully and that Ahvakana had not participated in the robbery.

Ahvakana moved for a new trial based on the recantation by Tuckfield. A hearing was held on Ahvakana's motion for a new trial. At the hearing, Tuckfield reaffirmed Ahvakana's guilt. Tuckfield explained to the judge that he had told the other inmates and Ahvakana's trial attorney that his trial testimony had been false because he was afraid of getting beaten for assisting the state in obtaining a conviction. The trial judge denied Ahvakana's motion for a new trial.

Ahvakana argues that the trial court abused its discretion in denying his motion for a new trial. He claims that Tuckfield's statement that he had lied at the trial would have impeached Tuckfield's testimony to the point that the state could not have proven Ahvakana's guilt beyond a reasonable doubt.

Ahvakana acknowledges that the trial court applied the correct legal standard. The trial court looked at the criteria set forth in *Salinas v. State*, 373 P.2d 512 (Alaska 1962); *Johnson v. State*, 501 P.2d 762 (Alaska 1972); and *Gonzales v. State*, 691 P.2d 285 (Alaska App.1984). In *Johnson*, the Alaska Supreme Court reiterated the *Salinas* criteria as follows:

> A motion for a new trial based on the ground of newly discovered evidence has to meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and, (5) must be such as, on a new trial, would probably produce an acquittal.

*Johnson*, 501 P.2d at 765 (quoting *Salinas*, 373 P.2d at 514 (footnote omitted)). The trial court found that Ahvakana had not met criteria three and five.

Ahvakana concedes that newly-discovered, impeaching evidence is normally not ground for a new trial. He argues, however, that his case falls into an exception. He claims that a court should grant a new trial when the testimony of the witness to be impeached is so important, and the evidence impeaching the witness is so strong and convincing, that a different result would necessarily follow. Ahvakana cites

*Vickers v. Phillip Carey Co.*, 49 Okl. 231, 151 P. 1023, 1027 (1915), and *Beals v. Cone*, 27 Colo. 473, 62 P. 948, 955 (1900).

However, Ahvakana makes no effort to distinguish *Johnson v. State*, 501 P.2d 762, from his case. *Johnson* is similar to this case, except that the recanting witness, unlike Tuckfield, did not reaffirm her previous trial testimony. The *Johnson* court held that the trial court did not abuse its discretion in denying the motion for a new trial. *Johnson*, 501 P.2d at 766. The court said:

> Here, the superior court had to consider the prostitute's unsworn recantation as against her trial testimony, her two sworn statements, and the testimony of her mother and her probation officer, all of which were generally consistent. In view of this evidence, the trial court was well within the bounds of discretion in concluding not only that the evidence would not produce an acquittal, but also that the recantation was not to be believed.

*Id.* In the present case, Tuckfield recanted in prison, but when resworn at the hearing, he reaffirmed his previous testimony. He explained he had recanted in prison to avoid being beaten for helping to convict his codefendant.

The state, in addition to arguing that *Johnson* controls this case, notes that the fact that a prosecution witness has recanted does not automatically entitle the defendant to a new trial. Courts are suspicious of such a change and are entitled to weigh the changed version against the trial testimony of the recanting witness, as well as other evidence brought up at trial, to determine which version should be believed. *See Dunbar v. State*, 522 P.2d 158, 159 (Alaska 1974); 58 Am.Jur.2d *New Trial* § 175 at 391 (1971). *See also Carman v. State*, 604 P.2d 1076, 1080 (Alaska 1979) (confessions of a codefendant or accomplice after trial are generally viewed with skepticism, especially when witness has something to gain); *Gonzales v. State*, 691 P.2d 285, 287 (Alaska App.1984) (trial court has duty to assess the credibility of the new evidence and its probable impact).

■ Generally, when a witness recants inculpatory testimony, but reaffirms his or her inculpatory testimony at a hearing on a motion for a new trial or by affidavit, courts do not hesitate to deny a new trial, especially when the witness has been influenced to recant by friends or family of the accused. *See, e.g., State v. Scott*, 113 Ariz. 423, 555 P.2d 1117 (1976); *Mollica v. State*, 374 So.2d 1022 (Fla.App.1979), *cert. denied*, 386 So.2d 639 (Fla.1980); *People v. Ellison*, 89 Ill.App.3d 1, 44 Ill.Dec. 381, 411 N.E.2d 350 (1980); *State v. Tharp*, 372 N.W.2d 280 (Iowa App.1985); *State v. Walker*, 358 N.W.2d 660 (Minn.1984); *Commonwealth v. McCloughan*, 279 Pa.Super. 599, 421 A.2d 361 (Pa.Super.1980).

■ Ahvakana contends that had Tuckfield been soundly impeached, Ahvakana would have been acquitted because there would have been no evidence linking him to the crime. However, Ahvakana overlooks the victim's testimony that she had known Ahvakana since she was a child, and that she recognized him as one of her assailants from his voice. In addition, two other witnesses testified that they had seen Tuckfield and Ahvakana riding together that evening on a red three-wheeler.

Also, during the trial, the same type of evidence impeaching Tuckfield was admitted. Two inmates testified that before the trial, Tuckfield had told them that he had lied when he told authorities that Ahvakana was involved in the robbery. The jury was well aware that Tuckfield had made inconsistent statements regarding Ahvakana's participation in the robbery. Therefore, the evidence which Ahvakana claims was so critical was, in reality, cummulative to other similar evidence which he presented at trial.

The trial court did not abuse its discretion in denying a motion for a new trial. The newly discovered evidence was primarily impeachment evidence, of a type already presented. In addition, Tuckfield, at the hearing, reaffirmed his inculpatory testimony. As noted earlier, Ahvakana does not distinguish his case from *Johnson*, where the sole witness against the defendant recanted and stood by that recantation. That

court's denial of the motion for a new trial was upheld. Ahvakana's argument is much weaker than that in *Johnson*. The trial judge did not err in denying Ahvakana a new trial.

Ahvakana's conviction is AFFIRMED.